IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 27 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

ROBERT MURRAY, )
)
)
Plaintiff )
)
v. )   **CASE NO.**
)
GEORGE G. BRANTLEY )
ANN B. HARRIS )
ALAN G. POOLE )   **1:25-CV-6130**
CHRISTOPHER HANSARD )
DAVID EMERSON, and )
JULIE ADAMS JACOBS )

Defendants.

Related case:
*Murray v Vic Brown Hill, et.al.*
Cobb County Superior Court Case No. 2310446

---

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

Comes now Plaintiff ROBERT MURRAY, without representation, and

brings this action against Defendants for violations of his constitutional rights

under the First, Fifth, and Fourteenth Amendments to the United States

Constitution, and brings claims pursuant to 42 U.S.C. § 1983 and respectfully

alleges as follows:

1

## NATURE OF THE ACTION

6.      This is a civil rights action arising from a coordinated conspiracy by
Cobb County Superior Court judges and a court administrator to deprive Plaintiff
of his constitutional rights to due process, an impartial tribunal, and freedom from
retaliation for exercising his First Amendment right to petition for redress of
grievances and to access the courts.

7.      After the entire bench of the Cobb County Superior Court and former
Cobb Judges serving as senior judges were recused from Plaintiff's pending state
court case pursuant to a formal recusal order based on impartiality concerns,
Defendants conspired to circumvent that order and appoint the specific judge
whose conduct had triggered the recusal—Senior Judge George Grant Brantley—
in apparent retaliation for Plaintiff filing the Motion to Recuse and Plaintiff's
attorney having filed a federal civil rights lawsuit against Senior Judge Brantley.

8.      This retaliatory appointment occurred less than ten months after
Senior Judge Brantley was dismissed from federal litigation in which the Georgia
Attorney General argued that any alleged injury was speculative as Senior Judge
Brantley was not presiding over cases involving Plaintiff's attorney.

9.      Plaintiff now faces proceedings before an unlawfully appointed judge
with a documented history of hostility, intimidation, and arbitrary exercise of

2

authority, threatening Plaintiff's liberty, career, parental rights, and constitutional rights.

10.    Plaintiff seeks declaratory and injunctive relief prohibiting Defendants from conducting further proceedings in violation of the December 4, 2024 Recusal Order and further depriving Plaintiff of his rights, liberties and protections provided for under the Constitution and Federal law.

## PARTIES

### Plaintiff

11.    Plaintiff Robert Murray is a citizen of Cobb County, Georgia, United States of America. Plaintiff resides at 3871 Wyntuck Court, Kennesaw, GA 30152. Plaintiff brings this action without representation, alleging violations of 42 U.S.C. § 1983.

### Defendants

12.    George Grant Brantley is a Cobb County Superior Court Senior Judge who resides at 2359 Wayside Xing NW, Kennesaw, GA 30152. Plaintiff is suing Senior Judge Brantley in his official capacity.

13.    Ann B. Harris is the Cobb County Superior Court Chief Judge, and her office is located at 70 Haynes Street, 7th Floor, Marietta, GA 30090. Plaintiff is suing Judge Harris in her official capacity.

3

14.     Alan Gregory Poole is a Cobb County Superior Court Judge, and former Cobb County Superior Court Chief Judge, and his office is located at 70 Haynes Street, 6th Floor, Marietta, GA 30090.  Plaintiff is suing Judge Poole in his official capacity.

15.     Christopher Hansard is the Court Administrator for the Cobb Superior Court, and his office is located at 70 Haynes Street, Marietta, GA 30090. Plaintiff is suing Mr. Hansard in his official capacity.

16.     Senior Judge David Emerson is a former Superior Court Judge serving as a Senior Judge for the state of Georgia, and his office is located at 70 Haynes Street, 4th Floor, Marietta, GA 30090.  Plaintiff is suing Senior Judge Emerson in his official capacity.

17.     Judge Julie Adams Jacobs is Cobb County Superior Court Judge, and her office is located at 70 Haynes Street, 7th Floor, Marietta, GA 30090.  Plaintiff is suing Judge Adams in her official capacity.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

19.     Additionally, this Court has subject matter jurisdiction because the relief described above is sought pursuant to the federal Civil Rights Act, 42 U.S.C. § 1983, and seeks to redress the deprivation of rights, privileges or immunities

4

secured by the United States Constitution and federal laws, under the color of laws, ordinances, regulations, customs, and usages of the State of Georgia.

20.     This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

21.     Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

22.     **Background.** On June 8, 2023, Plaintiff filed *Murray v. Hill et al.*, Cobb County Superior Court Case No. 23-1-04461, a legal malpractice action.[1] Plaintiff proceeded without representation until January 23, 2025, when Matthew McMaster entered as counsel.

23.     **First Recusal.** Judge Harris was initially assigned to the case but recused on June 16, 2023, having presided over the underlying matter giving rise to the malpractice claim.

24.     **Senior Judge Brantley's Conduct.** On June 17 and August 2, 2024, Senior Judge Brantley presided over unrelated hearings where he displayed hostility toward courtroom observers, including Plaintiff's counsel and Plaintiff's mother, Mary Murray. At the June hearing, Mr. McMaster, as a member of the public, filed a lawful Rule 22 request to record the proceeding.  Senior Judge

---

[1] Plaintiff also has a pending custody case in the Cobb Superior Court, Murray v Smith, Case No. 190194306.

Brantley permitted the attorney-spouse of a sitting Cobb judge to cross-examine him about his judicial campaign rather than the motion's merits. Senior Judge Brantley denied the Rule 22 request and threatened monetary sanctions against Mr. McMaster for filing it.

25.     At the August 2 hearing on the Rule 22 sanctions, Senior Judge Brantley admitted he had not reviewed Ms. Murray's pending Rule 22 request, stating he had been "driving back from a conference and needed to sleep," then dismissed it with "too bad, too late," and threatened to have her removed from the courtroom. Both incidents were documented in sworn affidavits attached to the Motion to Recuse the Entire Cobb Bench. (Ex. A, June 25, 2024 Affidavit supporting Motion to Recuse the Entire Cobb County Superior Court).

26.     **Motion to Recuse**. On June 25, 2024, Plaintiff filed a *Motion to Recuse the Entire Bench of the Cobb County Superior Court*, citing Judge Brantley's conduct and systemic impartiality concerns. (Ex. A).

27.     **Recusals Following the Motion.** Following the filing of the Motion to Recuse, two Cobb judges recused in sequence: Judge D. Victor Reynolds (August 27, 2024) and Judge Angela Brown (October 31, 2024) citing the incidents set forth in the motion to recuse. (Ex. B Attachments to the December 4, 2024 Recusal Order).

28.    On December 4, 2024, Chief Judge A. Gregory Poole entered a Recusal Order stating: "As the Chief Judge of the Cobb Judicial Circuit hereby and **pursuant to Judicial Canon 2.11** issues a VOLUNTARY AND IMMEDIATE RECUSAL of all **Cobb County Superior Court Judges and former Cobb County Superior Court Judges who now preside as senior judges** of the State of Georgia. IT IS HEREBY ORDERED that all such judges are **RECUSED from any further proceedings in this case**." (emphasis supplied).  (Ex. B).  The Recusal Order has never been amended or vacated.

29.    **Circumvention of the Recusal Order.**  Defendant Emerson attempted to circumvent the recusal order by limiting it to only the the motion to recuse, not "any further proceedings." This construction was legally untenable. Under Uniform Superior Court Rule 25.3, filing a motion to recuse automatically disqualifies the challenged judge from "taking any further action in the matter," except to refer the motion for reassignment. Limiting the Recusal Order to the motion itself would render it meaningless.  Nonetheless, Senior Judge Emerson entered an order *Denying the Motion to Recuse the Cobb Bench*.

30.    **Mooting of the Recusal Order.**  On April 28, 2025, Defendant Jacobs vacated Defendant Emerson's order but after adopting his limitation of the recusal order, declared the December 4 Recusal Order "moot," effectively keeping control of the case within the Cobb circuit.

7

31.    **Judge Jacobs Recusal.**  On July 24, 2025, Defendant Jacobs recused after her calendar clerk improperly modified a court agenda prompting Mr. McMaster to file a federal civil rights lawsuit (*McMaster v. Smith*, Case No. 1:25-CV-4077).

32.    **Individual Judicial Recusal.** After Defendant Jacobs's recusal, each subsequently assigned Cobb judge recused until every sitting Cobb judge all eleven sitting Cobb judges had individually entered recusal orders.

33.    In his recusal order, Judge Jason Marbutt described "a trail of tortured case assignments" and expressly recognized the need for full-bench recusal, stating: "If ever a case where a full bench recusal seems appropriate, it would seem this is the case... All litigants deserve a tribunal free from the appearance of bias." (Ex. C. Recusal Order (Judge Jason Marbutt) dated August 25, 2025).

34.    **Prior Federal Proceeding.**  On August 2, 2024, Plaintiff's attorney filed a federal civil rights lawsuit under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Georgia, Atlanta Division, against Senior Judge G. Grant Brantley and other Cobb County judicial officials. *McMaster v. Veal et al.*, Case No. 1:24-CV-3436 (N.D. Ga.).

35.    The lawsuit detailed Judge Brantley's conduct at the June 17, 2024 hearing and other instances of judicial misconduct, bias, and retaliation.  The Georgia Attorney General's Office, representing Senior Judge Brantley, obtained

dismissal by Mr. McMaster on December 5, 2024 arguing that any future harm from Senior Judge Brantley was 'speculative.'

36.    **Request for Cobb Senior Judge**.  Despite the standing Recusal Order, the subsequent individual recusals, and the related federal proceedings, Defendants Harris and Hansard requested judicial appointment from the Seventh Judicial District Administrative District advocating for the appointment of a senior judge who regularly services the Cobb Superior Court. (Ex. D. Order Regarding Recusal & Request for Assistance dated September 12, 2025).

37.    **Request to Recuse the 7th Administrative District**. On September 19, 2025, Plaintiff entered Motion to Recuse the Entire Seventh Judicial Administrative District.  On September 23, 2025, the Seventh Judicial Administrative District Administrative Judge denied the motion.

38.    **Appointment of Senior Cobb Judge Brantley.**  October 3, 2025, the Seventh Judicial Administrative District Administrative Judge appointed Senior Judge Brantley—the very judge whose conduct prompted the original motion to recuse—to preside over Plaintiff's case. (Ex. E Appointment Order dated October 3, 2025).

39.    **Coercive November 12, 2025 Specially Set Hearing.**  On October 21, 2025, Mr. McMaster filed a motion to withdraw as Plaintiff's counsel, due to the conflict. Within 24 hours, Senior Judge Brantley issued an order specially

9

setting a mandatory hearing for November 11, 2025, (later changed to November 12 due to Veteran's Day) stating the case may not be removed from the calendar for any reason. (Ex. F. Order Specially Setting Hearing dated October 22, 2025).

40.    **Irreparable harm.** Plaintiff continues to suffer concrete and irreparable harm as a direct result of Defendants' actions**.** The unlawful appointment of a disqualified judge has placed Plaintiff in jeopardy of arbitrary contempt and incarceration, deprived him of legal representation, and endangered his employment as a commercial pilot. The same judicial actors threaten to extend this retaliation to Plaintiff's custody case, risking the loss of his fundamental parental rights. These injuries—loss of livelihood, denial of counsel, and the potential deprivation of parenting rights—are constitutionally protected interests that cannot be redressed.

## JURISDICTIONAL DEFENSES DO NOT BAR THIS ACTION

### Rooker-Feldman Does Not Bar this Action

40.    The Rooker-Feldman doctrine does not bar this action. Under *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), Rooker-Feldman applies only when: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the plaintiff invites federal district court review and rejection of that judgment; and (4) the state court judgment was rendered before the federal suit was filed.

10

41. This case fails all four elements: First, Plaintiff has not "lost in state court." No final judgment has been entered in the underlying state case. The state proceedings are ongoing, with a hearing scheduled for November 12, 2025. Second, Plaintiff's injuries are not "caused by a state court judgment." They are caused by Defendants' ongoing unconstitutional conduct: the unlawful appointment of a judge who is disqualified by a standing recusal order and whose appointment constitutes retaliation for the exercise of federal civil rights. Third, Plaintiff does not seek review or reversal of any state court judgment. Plaintiff seeks prospective injunctive relief to stop ongoing constitutional violations in pending state proceedings. See *Skinner v. Switzer*, 562 U.S. 521, 531 (2011) ( where a federal plaintiff asserts an independent claim challenging state action other than a state-court judgment, *Rooker-Feldman* does not apply). Fourth, the constitutional violations at issue—the retaliatory appointment of Judge Brantley and the circumvention of the December 4, 2024 Recusal Order—are independent federal claims under 42 U.S.C. § 1983, not state law claims "inextricably intertwined" with a state court decision. *Exxon Mobil*, 544 U.S. at 293.

**Younger Abstention Does Not Bar this Action**

42. The *Younger* abstention doctrine does not bar this action. Under *Younger v. Harris*, 401 U.S. 37 (1971), and *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), federal courts abstain only in three exceptional categories:

11

criminal prosecutions, civil-enforcement actions akin to criminal prosecutions, and proceedings involving a State's interest in enforcing its own judgments or performing judicial functions. Plaintiff's underlying malpractice and custody actions are private civil disputes between private parties; they are not criminal, quasi-criminal, or proceedings where the State is enforcing or protecting its own judgments. *Sprint*, 571 U.S. at 73, 78. These cases therefore fall outside the limited scope of *Younger*.

43.    Even if *Younger's* threshold conditions were met, abstention is barred by the "extraordinary circumstances" exception. All eleven Cobb County Superior Court judges have recused from Plaintiff's case, confirming systemic partiality concerns. The subsequent appointment of Senior Judge Brantley, the very judge whose conduct prompted the recusals, demonstrates deliberate bad faith, retaliation, and a continuing deprivation of due process. *Younger*, 401 U.S. at 53–54; *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

44.    No adequate state forum exists to remedy these violations. Every Cobb County Superior Court judge has recused, leaving no impartial tribunal to hear Plaintiff's claims. While Georgia law theoretically provides for extraordinary writs, the Georgia Court of Appeals has no clear procedural mechanism for writs of prohibition and routinely remands such petitions back to the trial court for post-

12

judgment review. Under these unique circumstances, where all local judges are disqualified and no effective state remedy exists, federal intervention is the only means of preventing imminent constitutional harm.

**O'Shea v. Littleton Does Not Bar this Action**

45.     This case is distinguishable from *O'Shea v. Littleton*, 414 U.S. 488 (1974), which barred federal intervention based on speculative fears of future unfair treatment in hypothetical proceedings. Unlike O'Shea, Plaintiff does not seek to prevent possible future misconduct by a properly assigned judge; he challenges the legal validity of a sitting judge's authority to act at all. A disqualified judge's proceedings are coram non judice, and any orders issued are void. *Mondy v. Magnolia Advanced Materials, Inc.*, 815 S.E.2d 70 (Ga. 2018) (citing *Allen v. State*, 102 Ga. 619, 626, 29 S.E. 470 (1897)).

46.     The injury here is not hypothetical; it is the imminent entry of void orders by a judge who lacks legal authority to preside. Senior Judge Brantley's appointment directly violated a binding recusal order, rendering his continuing exercise of judicial power a present and ongoing constitutional violation. Every hearing he conducts and every order he issues inflicts immediate, concrete harm. This presents precisely the "immediacy and definiteness" of injury that O'Shea requires to justify federal equitable relief. Id. at 496–97.

13

## CLAIMS

## COUNT I
## DEPRIVATION OF DUE PROCESS AND RIGHT TO IMPARTIAL
## TRIBUNAL
### (42 U.S.C. § 1983 - Fourteenth Amendment)

47.     Plaintiff incorporates by reference all preceding paragraphs as if fully
set forth herein.

48.     The Fourteenth Amendment guarantees every person the right to a fair
and impartial tribunal in judicial proceedings. *Caperton v. A.T. Massey Coal Co.*,
556 U.S. 868, 876 (2009). *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980).

49.     Senior Judge Brantley's appointment to preside over Plaintiff's cases
violates Plaintiff's right to an impartial tribunal in multiple ways. First, his
appointment defies the December 4, 2024 Recusal Order, issued pursuant to Canon
2.11, which expressly disqualified all former Cobb judges serving as senior judges
from any further proceedings in Plaintiff's cases. Second, Canon 2.11(A)
independently required Judge Brantley to disqualify himself because his own
conduct—threats, hostility, and intimidation during the June and August 2024
hearings—was the factual basis for the recusal motion and created circumstances
where his impartiality might reasonably be questioned. Third, his appointment
occurred shortly after dismissal from a federal lawsuit filed by Plaintiff's counsel,
based on representations that he would not preside over related matters, creating an

14

unmistakable appearance of retaliation. The sequential recusal of all eleven sitting

Cobb judges confirms the validity of the impartiality concerns.

50.     Defendants, acting under color of state law, deprived Plaintiff of his

constitutional right to due process and an impartial tribunal by assigning and

permitting a judge to preside who was expressly disqualified by a standing recusal

order. A judge who acts after recusal does so *coram non judice*—without

jurisdiction—and any resulting proceedings are void. *Mondy v. Magnolia

Advanced Materials, Inc.*, 815 S.E.2d 70 (Ga. 2018) (citing *Allen v. State*, 102 Ga.

619 (1897)).

51.     The requirement of neutrality in adjudicative proceedings safeguards

the two central concerns of procedural due process: the prevention of unjustified or

mistaken deprivations and the promotion of participation and dialogue by affected

individuals in the decision-making process. The neutrality requirement helps

guarantee that life, liberty, or property will not be taken on the basis of an

erroneous or distorted conception of the facts or the law. *Marshall v. Jerrico, Inc.*,

446 U.S. 238, 242 (1980); *Mathews v. Eldridge*, 424 U.S. 319, 344 (1976).

52.     Judge Brantley's acceptance of appointment in violation of both the

December 4, 2024 Recusal Order and his independent duty under Canon 2.11(A) to

self-disqualify denies Plaintiff the fundamental procedural safeguard that he may

present his case with assurance that the arbiter is not predisposed to find against

15

him. *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring).

53.     The appointment and continued exercise of judicial power by a disqualified judge constitute a structural due-process violation that cannot be cured through post-judgment review. *Tumey v. Ohio*, 273 U.S. 510 (1927). Where disqualification exists, a litigant is entitled to halt proceedings before the disqualified judge. *Id*

54.     Defendants' appointment of Judge Brantley despite his express disqualification under the December 4, 2024 Recusal Order and his mandatory duty to self-disqualify under Canon 2.11(A) constitutes deliberate deprivation of Plaintiff's constitutional right to due process under color of state law.

## COUNT II
## RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS
### (42 U.S.C. § 1983 - First Amendment)

55.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56.     The First Amendment guarantees the right to petition the government for redress of grievances and the right to access federal courts without fear of retaliation by state officials. *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

16

57.     Plaintiff engaged in protected First Amendment activity by filing the Motion to Recuse the Entire Bench of the Cobb County Superior Court on June 25, 2024, and by retaining counsel who filed a federal civil rights lawsuit under 42 U.S.C. § 1983 against Senior Judge Brantley on August 2, 2024.

58.     Defendants, acting under color of state law, retaliated against Plaintiff by appointing and permitting Senior Judge Brantley—who was expressly disqualified under the December 4, 2024 Recusal Order and obligated to self-disqualify under Canon 2.11(A)—to preside over Plaintiff's case.

59.     The sequence of events, proximity in time, and deliberate circumvention of the recusal order demonstrate retaliatory motive. Government retaliation that would chill a person of ordinary firmness from exercising First Amendment rights is unconstitutional. *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (2002); *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

60.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been deprived of his constitutional right to petition for redress and access the courts without fear of government retaliation, has been subjected to proceedings before a hostile and biased tribunal, and faces ongoing constitutional injury that can only be remedied through federal intervention.

## DECLARATORY JUDGMENT
## (28 U.S.C. §§ 2201-2202)

61.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62.     An actual and justiciable controversy exists between Plaintiff and Defendants concerning their respective rights and duties under the United States Constitution and the December 4, 2024 Recusal Order.

63.     Plaintiff asserts that Senior Judge Brantley is disqualified from presiding over Plaintiff's cases pursuant to the December 4, 2024 Recusal Order, which by its express terms applies to any further proceedings in the case. Plaintiff further asserts that Judge Brantley's appointment violates his rights to due process and an impartial tribunal and constitutes retaliation for the exercise of protected First Amendment activity.

64.     Defendants, through their actions and through the legally erroneous actions by Defendants Emerson, Jacobs, and Harris, contend that Judge Brantley may lawfully preside over Plaintiff's case notwithstanding his express disqualification.

65.     A declaratory judgment pursuant to 28 U.S.C. § 2201 is necessary and appropriate to resolve this controversy and clarify the parties' rights and obligations.

18

66. **WHEREFORE,** Plaintiff seeks a declaration that:

    a. The December 4, 2024 Recusal Order remains valid and binding;

    b. Senior Judge Brantley is disqualified from presiding over any case involving Plaintiff; and

    c. Any appointment or action inconsistent with the Recusal Order violates Plaintiff's constitutional rights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter an order declaring that the December 4, 2024 Recusal Order remains valid and binding and order Defendants to comply with the December 4, 2024 Recusal Order;

b. Enter an order declaring Senior Judge George Grant Brantley disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Senior Judge George Grant Brantley from presiding over any matters in which Plaintiff is a party or litigant;

c. Enter an order declaring Senior Judge David Emerson disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Senior Judge David Emerson from presiding over any matters in which Plaintiff is a party or litigant;

d. Enter an order declaring Judge Ann Harris disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Judge Ann Harris from presiding over any matters in which Plaintiff is a party or litigant;

e. Enter an order declaring Judge A. Gregory Poole disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Judge A. Gregory Poole from presiding over any matters in which Plaintiff is a party or litigant;

f. Enter an order declaring Judge Julie Adams Jacobs disqualified from presiding over any matters in which Plaintiff is a party or litigant and enjoining Judge Julie Adams Jacobs from presiding over any matters in which Plaintiff is a party or litigant;

g. Grant such other and further relief as the Court deems just and proper.

Exhibits include A. June 25, 2024, Motion to Recuse; B. December 4, 2024 Recusal Order; C. August 25, 2025 Jason Marbut Order of Recusal; D. September 12, 2024 Order Regarding Recusal & Request for Assistance; E. October 3, 2025 Order of Appointment, F. October 22, 2025, Order Setting Hearing.

20

This submission was prepared using Times New Roman 14 point font in

compliance with L. Rule 5.1(C).

Respectfully submitted

Robert Murray
Plaintiff, Without Representation

ADDRESS US MAIL TO:
5775 Cains Cove Road
Cumming, GA 30041

3871 Wyntuck Court
Kennesaw, GA 30152
Cell: 770-490-3020
pilotRmurray@gmail.com

21