EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
JULIE ADAMS JACOBS
FEB 17, 2025 09:42 AM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ROBERT MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>VIC BROWN HILL, individually and<br>HILL MACDONALD, LLC,<br><br>Defendants. | ) | CASE NO. 23104461 |

---

**MOTION TO SET ASIDE ORDERS ENTERED AFTER DECEMBER 11, 2024**

---

COMES NOW Plaintiff in the above-styled action and, without waiver of any arguments or prayers on the record, files this *Motion To Set Aside Orders Entered After December 11, 2024* ("Motion") showing this Court as follows:

## I. INTRODUCTION

As the record on its face stands, this Court has failed to "promote public confidence in the *independence*, *integrity*, and *impartiality* of the judiciary." *See* CJC Rule 1.2(A). The retaliatory actions of our esteemed judicial officers against Plaintiff Robert Murray for exercising his First Amendment rights provided for under the United States Constitution are unpalatable. If the record in this case remains as is and the Court does not grant this Motion, we as a judiciary have officially reached a point in modern history where Cobb County Superior Court either (a) no longer recognizes plain English as a guiding principle for interpreting its own orders or (b) simply ignores the plain language of its own orders to further personal agendas. Regardless of which, The People of Cobb County do not have a judiciary—a fair and impartial forum for petitioning the government for redress—that can pass Constitutional muster and protect their rights.



EXHIBIT 5

On December 4, 2024, this Court unambiguously **ORDERED** that **"[all Cobb County Superior Court Judges and former Cobb County Superior Court Judges who now preside as senior judges of the State of Georgia] are RECUSED from any further proceedings in this case."** Despite the voluntary recusal of the entire Cobb County bench, and not to overlook the voluntary recusal of three other Cobb County Superior judges from this case, this action remains in the hands of a Cobb County Superior Court judge. At this juncture, it would be inaccurate to say that Plaintiff is pleading to the Court, because there is no Court—it is only a "court" on paper, a mere formality, a facade for fooling the unaware. More appropriately, Plaintiff pleads to the integrity and character of the Honorable Julie Adams Jacobs to effectively set the record straight and reestablish the *status quo* in this case, as it was (and as it should be) prior to the Court's December 30, 2024 order.

## II. STATEMENT OF UNDISPUTED FACTS

1. Defendant Vic Brown Hill is a practicing attorney in Cobb County and has made it clear to clients, former clients, and/or prospective clients that he has a personal relationship with Judge Alan G. Poole and, at least in the past, that Defendant Vic Hill has served as a chair and/or co-chair for Judge Poole's re-election campaign.

2. On June 16, 2023, the Honorable Ann B. Harris, who is presently the Cobb County Chief Superior Court Judge (beginning on or about January 16, 2025), voluntarily recused herself from the above-styled action. (Exhibit A).

3. On June 25, 2024, Plaintiff filed a *Motion for Recusal of the Entire Bench of Cobb County Superior Court* ("Motion to Recuse").

4. On July 25, 2024, Defendants filed *Defendants' Response to Plaintiff's Motion for Recusal of the Entire Bench of Cobb County Superior Court,* opposing Plaintiff's Motion to Recuse.

5. On August 27, 2024, the Honorable D. Victor Reynolds voluntarily recused himself from this action. (Exhibit B at 2-3).

6. The case was re-assigned to the Honorable Angela Z. Brown. On October 28, 2024, Plaintiff filed a *Renewed Motion to Recuse the Entire Bench of Cobb County Superior Court or, in the alternative, Recusal of the Honorable Angela Z. Brown.*

7. On October 31, 2024, the Honorable Angela Z. Brown entered a *Recusal Order* into the above-styled action unambiguously stating

> The Court **ORDERS** that it be VOLUNTARILY RECUSED from the above case and **DIRECTS** the Clerk of the Court to re-assign the above case from Judge Angela Z. Brown to another Cobb County Superior Court Judge using the Cobb Judicial Circuit's random, impartial case re-assignment method.

Judge Brown provided in her order that her voluntary recusal was being made pursuant to Uniform Superior Court Rule ("USCR" or "Rule") 25.7. (Exhibit B at 5-6).

8. On December 3, 2024, the Honorable D. Scott Smith entered an *Order of Appointment* appointing Judge David Emerson to hear Plaintiff's **MOTION FOR RECUSAL OF THE ENTIRE BENCH OF COBB COUNTY SUPERIOR COURT** (Exhibit C) which unequivocally mirrors the header of Plaintiff's Motion to Recuse filed on June 25, 2024.

9. On December 4, 2024, Chief Judge Poole entered a *Recusal Order* which stated in relevant part

> As the motion to recuse the entire Superior Court of Cobb County bench remains pending, the undersigned as the Chief Judge of the Cobb Judicial Circuit hereby and pursuant to Judicial Cannon 2.11 issues a **VOLUNTARY AND IMMEDIATE RECUSAL** of all Cobb County Superior Court Judges and former Cobb County Superior Court Judges who now preside as senior judges of the State of Georgia. **IT IS HEREBY ORDERED** that all such judges are **RECUSED** **from any further proceedings in this case.**
>
> **IT IS FURTHER ORDERED** that, pursuant to USCR 25.4(C)(4), the 7th Administrative District Administrative Judge, the Honorable D. Scott Smith, shall select a judge outside the circuit to hear the motion.
> (Exhibit B at 1) (Emphasis added).

10. The Court can take judicial notice that when a case is re-assigned to another judge in the Cobb County Superior Court, the PeachCourt e-file system will display the assigned judge's name in the top-right corner of all subsequently filed documents.

11. The Court can take judicial notice that both recusal orders entered by Judge Poole on December 4, 2024, were entered while the case was still assigned to the Honorable Angela Z. Brown. *See* (Exhibit B).

12. On December 11, 2024, the Honorable David Emerson entered an *Order Setting Hearing*, scheduling a hearing for January 3, 2025 at 9:00 AM on Plaintiff's "renewed motion to recuse." In his order, Judge Emerson stated that, "[t]he court directs the parties to mark any proposed **exhibits** prior to the hearing." (Exhibit D) (Emphasis added).

13. The December 11, 2024 order gave no indication that Judge Emerson was presiding over anything other than an evidentiary hearing pursuant to Rule 25.6. *See* (Exhibit D).

14. The Court can take judicial notice that, in the Cobb Judicial Circuit and Cobb County Superior Court specifically, it is common for a party or their attorney to withdraw a motion without application to the Court. Attached hereto as Exhibit E are two examples of withdrawals of motions filed by an attorney (who is also the spouse of a judge in this same circuit) which went unquestioned by the Court. There are no records in the entire Cobb County Superior Court where a judge converted a unilateral withdrawal filed by that same attorney (the judge's spouse) into a "motion" and certainly no instance where such a withdrawal was denied in less than 24-hours.

15. On December 29, 2024, Plaintiff filed his *Plaintiff's Withdrawal of Plaintiff's Motion for Recusal of the Entire Bench of Cobb County Superior Court and Plaintiff's Renewed Motion for the Recusal of the Entire Bench of the Cobb County Superior Court, or in the Alternative, the Recusal of the Honorable Angela Z. Brown of the Cobb County Superior Court* ("First Notice"). In his First Notice, Plaintiff made no request for an order nor relief.

16. The Court can take judicial notice that Plaintiff's First Notice did not meet any requirements necessary to be deemed a "motion." *See* O.C.G.A. § 9-11-7(b)(1).

17. Despite the plain language of O.C.G.A. § 9-11-7(b)(1) and, further, how this Court regularly handles unilateral withdrawals of motions, Judge Emerson entered an order on December 30, 2024, calling Plaintiff's First Notice a "motion" and went so far as to enter an order denying this *fantom* motion. (Exhibit F).

18. On January 2, 2025, Plaintiff filed his *Notice of No Pending Recusals* ("Second Notice"). The Court can take judicial notice that Plaintiff's Second Notice did not meet any requirements necessary to be deemed a "motion." *See* O.C.G.A. § 9-11-7(b)(1).

19. Judge Emerson entered his *Order Denying Motion to Recuse Entire Cobb County Bench* on January 3, 2025. (Exhibit G).

## III. RULE OF LAW

O.C.G.A. § 9-11-60(d) provides that "[a] motion to set aside may be brought to set aside a judgment based upon: (1) Lack of jurisdiction over the person or the subject matter; (2) Fraud, accident, or mistake or the acts of the adverse party unmixed with the negligence or fault of the movant; or (3) A nonamendable defect which appears upon the face of the record or pleadings." Under O.C.G.A. § 9-11-60(g), "[c]lerical mistakes in judgments, orders, or other parts of the record

and errors therein arising from oversight or omission may be corrected by the court at any time." And, all such motions must "be brought within three years from entry of the judgment complained of." O.C.G.A. § 9-11-60(f).

## IV. ERRORS ON THE FACE OF THE RECORD

Whether it was the result of fraud, accident, mistake, oversight or omission, the following mistakes, defects and/or errors exist on the face of the record:

a. Plaintiff never filed a "motion" to dismiss his recusal motion.

b. Judge Emerson is not entitled to his own version of the English language.

c. The scope of Judge Emerson's appointment did not include any other motions.

d. Judge Emerson ruled on the wrong motion.

e. Judge Emerson went beyond the scope of his own Rule 25.6 evidentiary hearing.

f. The Court lacked jurisdiction over the moot issue of recusal.

g. The Court already determined that Plaintiff's motion was legally sufficient.

h. The Court discriminately cherry picked three other recusal orders to affirm.[1]

## V. ARGUMENT

The two most recent orders entered by this Court show error on the face of the record and discriminate against Plaintiff in violation of the Code of Judicial Conduct and Plaintiff's right to an impartial judiciary and impartial decision-maker as proscribed by the United States Constitution. *See Order Denying Motion to Withdraw Recusal Motion* (12/30/2024); and *Order Denying Motion to Recuse Entire Cobb County Bench* (01/03/2025) (collectively referred to as "Orders-in-Error").

[1] *See* Exhibit G (stating "[t]he court takes judicial notice that Judges Harris, Reynolds and Brown have already voluntarily recused from this case.")

### A. <u>Errors Exist on the Face of the Record</u>.

In the Court's Orders-in-Error, several defects exist, and whether they are from fraud, accident, mistake, oversight or omission by the Court, they materially impact the Court's integrity and Plaintiff's Constitutional right to an impartial forum and impartial decision-maker.

#### 1. Errors In Order Denying Motion To Withdraw Recusal Motion (12/30/2024)

##### *a. There Was <u>No</u> Motion to Withdraw Plaintiff's Recusal Motion*

First and foremost, it must not be glossed over that **<u>Plaintiff never filed a *motion* to withdraw his recusal motion</u>**. Under Georgia law, "a ***motion*** is '[a]n application to the court for an order.'" *Lusher v. State*, 192 Ga. App. 606, 609 (1989) (citing O.C.G.A. § 9-11-7(b)(1)). The requirements of a written motion are found under O.C.G.A. 9-11-7(b)(1), which provides that a motion "[1] shall state with particularity the grounds therefor, and [2] shall set forth the relief or order sought." Turning to *Plaintiff's Withdrawal of Plaintiff's Motion for Recusal of the Entire Bench of Cobb County Superior Court and Plaintiff's Renewed Motion for the Recusal of the Entire Bench of the Cobb County Superior Court, or in the Alternative, the Recusal of the Honorable Angela Z. Brown of the Cobb County Superior Court* ("First Notice" filed December 29, 2024), Plaintiff makes <u>no</u> application for an order <u>nor</u> any prayer for relief. The Court need not analyze Plaintiff's First Notice any further. On its face, Plaintiff's First Notice does not constitute a "motion" and the alleged "motion to withdraw his motion to recuse" in the Court's December 30, 2024 order was the Court's own creation.

##### *b. The Court's Voluntary and Immediate Recusal Was <u>Not</u> Conditional*

Second, the Court's December 30, 2024 order misconstrues the English language to somehow conclude that "[a] close reading of Chief Judge Poole's recusal order shows that he granted a recusal of the entire bench and the Cobb County senior judges AS TO THE MOTION

TO RECUSE and not as to the case itself." However, Judge Poole's order does not reflect such an assertion. Rather, the plain language of Judge Poole's recusal order unambiguously adjudges as follows: "**IT IS HEREBY ORDERED** that all such judges are **RECUSED** **from any further proceedings in this case.**" No amount of "close reading" shows any condition upon Judge Poole's December 4, 2024 *Recusal Order*.[2]

### *c. Judge Emerson Went Beyond the Scope of His Appointment*

Judge Emerson's assignment was only to hear Plaintiff's *Motion for Recusal of the Entire Bench of Cobb County Superior Court*, which was filed June 25, 2024. *See* (Exhibit C). Therefore, even if Plaintiff's First Notice was in fact a motion (though it was not), Judge Emerson was not assigned to hear it, and any such attempt to rule on anything other than the matters within the scope of the *Motion for Recusal of the Entire Bench of Cobb County Superior Court*—to which he was assigned—went beyond his ***very*** narrow authority and jurisdiction. Thus, Judge Emerson's December 30, 2024 order (entered in less than 24 hours) was beyond the scope of his assignment.

### 2. Errors In Order Denying Motion to Recuse Entire Cobb Bench (01/03/2025)

### *a. Judge Emerson Ruled on the Wrong Motion*

First and foremost, it is important to emphasize that the Honorable David Emerson ruled on the **wrong motion**. Judge Emerson was never assigned to hear Plaintiff's renewal motion to recuse the entire bench. Rather, the Court's December 3, 2024 *Order of Appointment* on its face shows that Judge Emerson was appointed by Judge Smith to hear Plaintiff's **MOTION FOR RECUSAL OF THE ENTIRE BENCH OF COBB COUNTY SUPERIOR COURT** (Exhibit C) which unequivocally mirrors the header of Plaintiff's *Motion for Recusal of the Entire Bench*

[2] Even if Judge Poole's recusal order included such a condition (though it certainly did not), Judge Emerson was never assigned to hear the renewal motion (filed October 28, 2024) but, rather, he was assigned only to hear the *Motion for Recusal of the Entire Bench of Cobb County Superior Court* (filed June 25, 2024). *See* Exhibit C.

*of Cobb County Superior Court* ("Motion to Recuse") filed on June 25, 2024. However, on December 11, 2024, Senior Judge David Emerson entered an *Order Setting Hearing* which scheduled a hearing on "plaintiff's **renewed** motion to recuse" for January 3, 2025 at 9:00 AM. (Exhibit D) (Emphasis added). The only filing on the face of the record that can be deemed a "renewal" motion to recuse was Plaintiff's *Renewed Motion for Recusal of the Entire Bench of Cobb County Superior Court, or in the Alternative, Recusal of the Honorable Angela Z. Brown* ("Renewal Motion") and Plaintiff was already granted both remedies requested in that motion. *See* (Exhibit B).

In his October 28, 2024 Renewal Motion, Plaintiff prayed for alternative remedies—either (a) "[a]ll Cobb County Superior Court Judges voluntarily recuse from this case including the Honorable Angela Z. Brown," or (b) "the Chief Judge of the Cobb Judicial Circuit issue a voluntary and immediate recusal of all Cobb Judicial Circuit Judges from this case . . . ." On October 31, 2024, Judge Brown entered her voluntary *Recusal Order* that further directed "the Clerk of the Court to re-assign the above case from Judge Angela Z. Brown to another Cobb County Superior Court Judge using the Cobb Judicial Circuit's ***random, impartial case re-assignment method***." (Exhibit B at 5-6). Thus, Plaintiff was granted one of the alternative remedies in his Renewal Motion; that is, his request for recusal of the Honorable Angela Z. Brown.

Subsequently, on December 4, 2024, the Court in another *Recusal Order* granted the second alternative remedy requested in Plaintiff' Renewal Motion—which was Plaintiff's request that "the Chief Judge of the Cobb Judicial Circuit issue a ***voluntary and immediate recusal*** of all Cobb Judicial Circuit Judges ***from this case***." (Emphasis added). In fact, Judge Poole who issued the December 4, 2024 *Recusal Order* used the exact language "**VOLUNTARY AND IMMEDIATE RECUSAL** of all Cobb County Superior Court Judges and former Cobb County

Superior Court Judges who now preside as senior judges of the State of Georgia" and went further to unambiguously order "that all such judges are **RECUSED** from any further proceedings in this case."[3] (Exhibit B) (Emphasis added). At no point in either the December 3, 2024 *Order of Appointment* or the December 4, 2024 *Recusal Order* did the Court use the word "renew" or "renewal."

Thus, considering (i) that Judge Brown and Judge Poole granted the exact remedies requested in Plaintiff's Renewal Motion; (ii) the plain language of Judge Poole's *Recusal Order*; (iii) the plain language of the December 3, 2024 *Order of Appointment*; and (iv) the residual *Motion for Recusal of the Entire Bench of Cobb County Superior Court* from June 25, 2024 that was never ruled upon, it is clear that Judge Emerson was never appointed to hear Plaintiff's Renewal Motion. The scope of the December 3, 2024 *Order of Appointment* meant **EXACTLY** what it said—that is, that Judge Emerson "has agreed to assist the court in said assignment, **MOTION FOR RECUSAL OF THE ENTIRE BENCH OF COBB COUNTY SUPERIOR COURT**." *See* (Exhibit C). Therefore, any ruling on Plaintiff's Renewal Motion (which was *moot*) went beyond Judge Emerson's authority as defined by the *Order of Appointment*.

***b. Judge Emerson's Order Went Beyond the Scope of Rule 25.6***

Judge Emerson's scheduled hearing was one pursuant to Rule 25.6 and not Rule 25.3. Recall, Judge Emerson's hearing notice indicated that he intended only to hold an **evidentiary hearing**. Pursuant to Rule 25.6, "[t]he judge assigned may consider the motion solely upon the affidavits, but may, in the exercise of discretion, convene an *evidentiary hearing*. After consideration of the evidence, the judge assigned shall rule on the merits of the motion and shall

[3] It is worth noting that Judge Poole's December 4, 2024 *Recusal Order* displays the Honorable Angela Z. Brown's name in the top righthand corner of the document which is indicative that Judge Poole circumvented the Cobb Judicial Circuit's ***random, impartial case re-assignment method*** in violation of both Rule 25.3(C) and Judge Brown's October 31, 2024 *Recusal Order*.

make written findings and conclusions." (Emphasis added). In Judge Emerson's December 11, 2024 *Order Setting Hearing*, which scheduled a hearing for January 3, 2025 on Plaintiff's renewed motion to recuse, Judge Emerson stated that, "[t]he court directs the parties to mark any proposed **exhibits** prior to the hearing." (Emphasis added). Thus, the parties were constructively notified that the Court had moved on from Rule 25.3 and onto Rule 25.6 for an evidentiary hearing. It was never within the scope of Judge Emerson's role or within this Court's jurisdiction for Judge Emerson to revisit Rule 25.3.

***c. This Court Lacked Jurisdiction Over the Moot Matter of Recusal***

After December 29, 2024, this Court lacked jurisdiction over all matters related to recusal in every way possible. *See Shelley v. Town of Tyrone* (2017) (finding "mootness is an issue of jurisdiction"); *Hutchinson v. Composite State Bd. of Med. Examiners*, 263 Ga. 186 (1993) (finding that moot matters pending before trial courts should not be decided). When a judge voluntarily recuses, it implies that reasonable grounds existed to grant the motion. *See McRae v. Hogan*, 317 Ga. App. 813, 817 (2012). Additionally, the considerations applicable to a motion to recuse are equally relevant when the judge decides upon a voluntary recusal. *See Baptiste v. State*, 229 Ga. App. 691, 695 (1997). Specifically, the record shows the following:[4]

(a) On June 6, 2023, the Honorable Ann B. Harris, who is presently the Cobb County Chief Superior Court Judge (beginning on or about January 16, 2025), voluntarily recused herself from this action.

(b) On August 27, 2024, the Honorable D. Victor Reynolds voluntarily recused himself from this action.

(c) On October 31, 2024, the Honorable Angela Z. Brown voluntarily recused herself from this action.

(d) On December 4, 2024, the Honorable Alan G. Poole entered an order unambiguously stating: "**IT IS HEREBY ORDERED** that [all Cobb County Superior Court Judges

[4] Notably, in their recusal orders, both Judge Reynolds and Judge Brown specifically referred to the facts set forth in the affidavit accompanying Plaintiff's motion to recuse and renewed motion to recuse. (Exhibit B).

> and former Cobb County Superior Court Judges who now preside as senior judges of the State of Georgia] are **RECUSED** from **any further proceedings in this case**." (Emphasis added).

Judge Poole's December 4, 2024, recusal order **did not in any way express a condition** upon the recusal of the entire Cobb County Superior Court bench. Thus, the December 4, 2024 recusal order did not reserve any possibility for the Cobb County Superior Court bench to be "un-recused" from ***any further proceedings in this case***.

Additionally, the Court already made its determination that Plaintiff's Motion to Recuse and Affidavit in support thereto were legally sufficient long before the alleged January 3, 2025 "hearing." Under Rule 25.3, "[i]f it is found that the motion is timely, the affidavit sufficient and that recusal would be authorized if some or all of the facts set forth in the affidavit are true, **another judge shall be assigned to hear the motion to recuse**." (Emphasis added). In this case, the Honorable Judge David Emerson was assigned to hear the motion to recuse. *See* Rule 25.3. Thus, without further analysis, by virtue of the assignment of Judge Emerson to hear Plaintiff's renewal motion to recuse the entire Cobb County bench, the Court had already in fact determined that Plaintiff's recusal motion was timely, his affidavit was sufficient, and recusal would be authorized if some or all of the facts set forth in the affidavit are true. *Id.*

**B. The Court's Orders Are the Result of Discrimination.**

"Judges shall act at all times in a manner that promotes public confidence in the *independence*, *integrity*, and *impartiality* of the judiciary." *See* CJC Rule 1.2(A). Judge Emerson's Orders-in-Error fail to meet this standard. Recall from Plaintiff's *Motion for Recusal of the Entire Bench of Cobb County Superior Court* (filed on June 25, 2024), which is the very motion to which Judge Emerson was assigned:

> The catalyst for this Motion to Recuse the entire bench of the Cobb County Superior Court is the threat made against Plaintiff's mother, Dr. Mary Murray, by Ms.

> Leonard, the wife of Superior Court Judge Robert Leonard, on June 17, 2024, as well as a pleading filed by Ms. Leonard and videos posted on the TikTok social media platform. This threat underscores the interconnected issues that necessitate this motion.

The Court can take judicial notice that, in the Cobb Judicial Circuit and Cobb County Superior Court specifically, it is common for a party, or their attorney, to withdraw a motion without application to the Court. Attached hereto as Exhibit E are two examples of withdrawals of motions filed by attorney Katie Leonard (the same Ms. Leonard referred to in Plaintiff's Motion to Recuse), which went unquestioned by the Court. There exists no record in the entire Cobb County Superior Court where a judge converted a unilateral withdrawal of a motion filed by Ms. Leonard into a "motion to withdraw a motion," and certainly no instance where such a withdrawal was **denied in less than 24-hours**. Defendants cannot possibly produce such an order and this Court can take judicial notice that no such order exists in the Cobb County Superior Court.

Thus, the very reasons Plaintiff initiated the recusal process have materialized from the mere appearance of impropriety, to ***actual impropriety*** in a manner establishing smoking gun proof of **partiality**.

**C. Judicial Economy and Timing.**

The Court must grant this Motion to set aside prior to ruling on any other matters in this action in the interest of judicial economy and fairness. "Judicial economy and fairness to the prevailing party dictate that that which should have been done be done." Plaintiff has made good faith efforts to expedite the procedures in this case, timely and efficiently. More specifically, Plaintiff has done the following:

a. Plaintiff timely filed his first Motion to Recuse within six (6) full weeks prior to any hearing set by this Court. Only ten (10) days is required by statute.

b. Plaintiff timely filed his renewal motion to recuse after the case was re-assigned to the

Honorable Angela Z. Brown.

c. After three judges had recused themselves, and then the entire bench voluntarily recused, Plaintiff timely filed his notice(s) of withdrawal of any pending recusal motions prior to the January 3, 2025 hearing.

d. After this Court pulled a one-eighty (180) on December 30, 2024, which appears to be an attempt at *laundering*[5] its prior rulings, and again on January 3, 2025, Plaintiff hired proper and competent counsel to navigate this complex and niche area of law.

e. On January 23, 2025, Plaintiff's counsel filed a timely entry of appearance.

f. On January 27, 2025, Plaintiff's counsel filed a timely Rule 21 motion for records and notified the Court of the present issues in the Orders-in-Error.

g. On February 3, 2025, Plaintiff's counsel put the Court and all parties in this case on notice of the need to set aside the December 30, 2024 and January 3, 2025 orders (Exhibit G), and Defendants have indicated that they will not file a motion to aside those orders. (Exhibit H).

Clearly, Plaintiff has afforded this Court every opportunity to relieve itself of any and all appearances of impropriety—even as a pro se litigant. At this juncture, the only way this Court can possibly avoid the *appearance of impropriety* and afford Plaintiff his Constitutional rights to a fair and impartial forum is by granting this Motion.

[5] "Money laundering refers to a financial transaction scheme that aims to conceal the identity, source, and destination of illicitly-obtained money." (https://www.law.cornell.edu/wex/money_laundering). Similarly, laundering a prior ruling is achieved by changing the ruling with a subsequent order to alter its meaning. Here, the Court in both Orders-in-Error changed the meaning of the December 4, 2024 ruling which recused all Cobb County judges "from any further proceedings in this case" to mean that said judges were only recused "AS TO THE MOTION TO RECUSE and not as to the case itself." Exhibits F and G.

## VI. CONCLUSION

In light of the above, Plaintiff has shown that the issue of recusal of the entire bench was rendered *moot* on December 4, 2024; that the December 30, 2024 and January 3, 2025 orders were the result of fraud, accident or mistake; and that said orders constitute nonamendable defects on the face of the record. *See* O.C.G.A. § 9-11-60(d). Alternatively, the Court may deem the orders at issue as merely errors arising from oversight or omission which must properly be corrected under O.C.G.A. § 9-11-60(g).

WHEREFORE Plaintiff prays that this Court **GRANT** this Motion; set aside and vacate its December 30, 2024, *Order Denying Motion to Withdraw Recusal Motion* and its January 3, 2025, *Order Denying Motion to Recuse Entire Cobb County Bench*; and restore these proceedings back to their *status quo* prior to December 30, 2024.

This 14th day of February, 2025.

/s/ Matthew D. McMaster
Matthew D. McMaster
Georgia Bar No. 218044
*Attorney for Plaintiff*

MATTHEW D. MCMASTER, LLC
12 Powder Springs St.
Suite 230
Marietta, GA 30064
Phone: (800) 890-3981
Fax: (800) 890-3981
mdmcmaster@mcmasterlegal.com

GEORGIA, COBB COUNTY
I HEREBY CERTIFY THE WITHIN AND FOREGOING TO BE A TRUE AND CORRECT AND COMPLETE COPY OF THE ORIGINAL THAT APPEARS OF RECORD.
CASE No 23.1.4461 IN THIS OFFICE
THIS 23rd DAY OF December 20 25
DEPUTY CLERK COBB COUNTY
COURT, COBB COUNTY GEORGIA

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

ROBERT MURRAY,

Plaintiff,

v.

VIC BROWN HILL, individually and
HILL MACDONALD, LLC,

Defendants.

CASE NO. 23104461

## VERIFICATION

I, Robert Murray, Plaintiff in the above-styled action, under oath and before the undersigned Notary Public, swear and affirm that I have read my *Motion to Set Aside Orders Entered After December 11, 2024* for which I am filing this *Verification* and that the facts stated therein are true and correct.

Sworn to and subscribed before
me this 14 day of February, 2025.

NOTARY

My Commission Expires 05/08/2027

Signature of Affiant (Plaintiff)

Robert Murray
Printed Name of Affiant (Plaintiff)

ANNA APPLING
NOTARY
EXPIRES
GEORGIA
May 8, 2027
PUBLIC
FORSYTH COUNTY

# Exhibit A

ID# 2023-0083348-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
Ann B. Harris - 56
JUN 16, 2023 09:31 AM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ROBERT MURRAY,<br><br>Plaintiff,<br><br>v.<br><br>VIC BROWN HILL, Individually;<br>HILL MACDONALD, LLC<br><br>Defendant. | * * * * * * * * * * * | CIVIL ACTION FILE<br><br>NO. 23-1-04461-56 |

## RECUSAL ORDER

The Complaint for Damages in the above case was filed on June 8, 2023. Upon review of the case, the Court makes the following findings and ORDERS as follows:

1.

The claims alleged in this matter involve facts and proceedings relating to Plaintiff's legal representation in a legitimation case that remains pending and active before this Court (CAFN: 19-1-4306).

2.

Canon 3(E)(1) of the Code of Judicial Conduct states "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned . . ." Canon 2's prohibits not only actual impropriety but also the appearance of impropriety. *See* Canon 2(A), Commentary. ("The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired.")

3.

The Court believes, in light of these facts, it is appropriate pursuant to Uniform Superior Court Rule 25.7, for it to *sua sponte* recuse itself from presiding over the instant case.

4.

The Court ORDERS that it be VOLUNTARILY RECUSED from the above case and DIRECTS the Clerk of the Court to re-assign the above case from Judge Harris to another Cobb County Superior Court Judge using the Cobb Judicial Circuit's random, impartial case assignment method, consistent with U.S.C.R. 25.7 and 25.4. The Clerk is FURTHER DIRECTED to assign the next case in this category, which would have been wheeled to the Judge receiving this re-assignment, to Judge Harris.

**SO ORDERED** this 16th day of June, 2023.

Honorable Ann B. Harris
Judge, Superior Court of Cobb County
Cobb Judicial District

## CERTIFICATE OF SERVICE

This is to certify that I have delivered a copy of the foregoing document to the following via PeachCourt e-file sent to the following email address(es) **and** via First Class US Mail to the following postal address(es):

Robert Murray
3871 Wyntuck Court
Kennesaw GA 30152
pilotrmurray@gmail.com

Vic Brown Hill
vic@hillmac.com

Hill Macdonald LLC
c/o Brad E. Macdonald, Registered Agent
329 Lawrence Street
Marietta GA 30060

Ashuana G'bye
ashuana.gbye@cobbcounty.org

This 16th day of June, 2023.

Laney R. Frye

Laney R. Frye, Judicial Calendar Coordinator
Katie Waters, Judicial Administrative Specialist
Cynthia L. Patton, Staff Attorney
to the Honorable Judge Ann B. Harris
Superior Court of Cobb County

# Exhibit B

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
ANGELA Z. BROWN
DEC 04, 2024 06:06 PM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| ROBERT MURRAY,<br>Plaintiff,<br>vs.<br>VIC BROWN HILL, individually, and HILL MACDONALD, LLC.,<br>Defendants. | Civil Action File No.:<br>23104461 |

**RECUSAL ORDER**

Plaintiff, pursuant to Uniform Superior Court Rule (USCR) 25, moved to recuse the entire bench of the Superior Court of Cobb County. The case initially being assigned to the Honorable D. Victor Reynolds, was reassigned to the Honorable Angela Z. Brown after Judge Reynolds entered an order recusing himself from the case (attached). Judge Brown subsequently entered a similar order recusing herself on the same grounds (attached).

As the motion to recuse the entire Superior Court of Cobb County bench remains pending, the undersigned as the Chief Judge of the Cobb Judicial Circuit hereby and pursuant to Judicial Cannon 2.11 issues a **VOLUNTARY AND IMMEDIATE RECUSAL** of all Cobb County Superior Court Judges and former Cobb County Superior Court Judges who now preside as senior judges of the State of Georgia. **IT IS HEREBY ORDERED** that all such judges are **RECUSED** from any further proceedings in this case.

**IT IS FURTHER ORDERED** that, pursuant to USCR 25.4(C)(3), the 7th Judicial Administrative District Administrative Judge, the Honorable D. Scott Smith, shall select a judge outside the circuit to hear the motion.

SO ORDERED, this 4th day of December, 2024. Nunc Pro Tunc to December 2, 2024.

A. GREGORY POOLE
Chief Judge, Superior Court of Cobb County
Cobb Judicial Circuit

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
D. VICTOR REYNOLDS
AUG 27, 2024 02:39 PM
Connie Taylor, Clerk of Superior Court
Cobb County Georgia

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

ROBERT MURRAY,

Plaintiff,

v.

VIC BROWN HILL, individually, and HILL MACDONALD, LLC,

Defendants.

CIVIL ACTION FILE NO.

23-1-04461-69

**SUA SPONTE ORDER OF RECUSAL AND TRANSFER**

The Court hereby issues a voluntary and immediate recusal from matters pending in the above-styled action pursuant to the Georgia Code of Judicial Conduct Canon 2, Rule 2.11, and in compliance with Uniform Superior Court Rule 25. Canon 2, Rule 2.11(A) states that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

On June 25, 2024, Plaintiff filed his *Motion for Recusal of the Entire Bench of Cobb County Superior Court* ("Recusal Motion"). The basis for Plaintiff's Recusal Motion is an incident involving Plaintiff's mother and the attorney-spouse of another judge on the Cobb Superior Court bench, which occurred outside the courtroom following a hearing in which Plaintiff's Mother, along with Matthew McMaster, another attorney who practices in Cobb County, requested to record the hearing pursuant to Uniform Superior Court Rule 22. Before the Court was able to determine, pursuant to Uniform Superior Court Rule 25.3, the timeliness of the Recusal Motion, the legal sufficiency of the attached affidavit and whether recusal would be warranted assuming the facts alleged were true, Mr. McMaster filed a lawsuit in the Norther District of Georgia Federal Court against the undersigned judge and others. Mr. McMaster bases his lawsuit in part on the same hearing Plaintiff cites for his motion to recuse.

Based on the foregoing, in an effort to avoid any appearance of impropriety, the undersigned judge believes his recusal is appropriate. As such, a *sua sponte* recusal from the above-styled matter is hereby issued.

Because the Court believes that his recusal is appropriate in order to avoid any appearance of impropriety, the Court makes no finding or ruling on the timeliness of Plaintiff's motion, the legal sufficiency of the attached affidavit or whether recusal would be warranted assuming the alleged fact were true. Additionally, the Court notes that it has no authority to recuse the entire bench of the Superior Court of Cobb County as requested in Plaintiff's motion.

The Clerk of Superior Court for Cobb County is hereby ordered and directed to reassign, as expeditiously as possible, jurisdiction of this case pursuant to Uniform Superior Court Rule 25.7.

SO ORDERED, this 27th day of August, 2024.

D. Vick Reynolds

D. Victor Reynolds, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing order (Civil Action File No. 23-1-04461-69) upon all parties electronically, via Peach Court, or through the Cobb County Mail System, addressed to the following:

Robert Murray, *pro se*
3871 Wyntuck Court
Kennesaw, GA 30152
pilotrmurray@gmail.com

Dana K,. Maine, Esq.
Jacob S. Madsen, Esq.
Freeman Mathis & Gary, LLP
dmaine@fmglaw.com
jsmadsen@fmglaw.com

This 27 day of August, 2024.

Amy Rushing
for Honorable D. Victor Reynolds, Judge
Superior Court of Cobb County
Cobb Judicial Circuit

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
ANGELA Z. BROWN
OCT 31, 2024 02:53 PM
Connie Taylor, Clerk of Superior Court
Cobb County Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **ROBERT MURRAY,** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **VIC BROWN HILL, individually, and HILL MACDONALD, LLC,** <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **CIVIL ACTION FILE NO.: 23-1-04461** |

**RECUSAL ORDER**

The Complaint for Damages in the above case was filed on June 8, 2023. Upon review of the case, the Court makes the following findings and ORDERS as follows:

On June 25, 2024, Plaintiff filed his Motion for Recusal of the Entire Bench of Cobb County Superior Court. Judge Victor Reynolds subsequently recused himself, sua sponte, on August 27, 2024. This case was then signed to the undersigned judge. Subsequently, on October 28, 2024, Plaintiff filed his Renewed Motion for Recusal of the Entire Bench of the Cobb County Superior Court, or in the Alternative Recusal of the Honorable Angela Z. Brown. The basis for Plaintiff's Recusal Motion revolves around an incident involving Plaintiff's mother and the attorney-spouse of another judge on the Cobb Superior Court bench, which occurred outside the courtroom following a hearing in which Plaintiff's Mother, along with Matthew McMaster, another attorney who practices in Cobb County, requested to record a hearing pursuant to Uniform Superior Court Rule 22. Further, the record indicates that Mr. McMaster has filed a lawsuit in federal court in the Northern District of Georgia against Judge Reynolds and others.

Based on the foregoing, and pursuant to the Code of Judicial Conduct and Uniform Superior Court Rule 25.7, the Court finds that it is appropriate to recuse itself from presiding over the instant case.

The Court **ORDERS** that it be VOLUNTARILY RECUSED from the above case and **DIRECTS** the Clerk of the Court to re-assign the above case from Judge Angela Z. Brown to another Cobb County Superior Court Judge using the Cobb Judicial Circuit's random, impartial case assignment method. The Clerk is **FURTHER DIRECTED** to assign the next case in this category which would have been wheeled to the Judge receiving this re-assignment, to Judge Brown.

**SO ORDERED** this 31st day of October, 2024.

The Honorable Angela Z. Brown
Judge, Cobb County Superior Court
Cobb Judicial Circuit

**CERTIFICATE OF SERVICE**

I certify that I have this day served the parties in the foregoing matter (Civil Action Case No. 24DR06683) with a copy of the RECUSAL ORDER via PeachCourt electronic service addressed as follows:

Robert Murray
pilotrmurray@gmail.com

Vic Brown Hill
vic@hillmac.com

Hill McDonald, LLC.
c/o Brad E. Macdonald, Registered Agent
329 Lawrence Street
Marietta, GA 30060

This 31st day of October, 2024.

Submitted by:

Ifuero Obaseki
Staff Attorney to:
The Honorable Angela Z. Brown
Cobb County Superior Court

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the parties in the foregoing matter with a copy of the **RECUSAL ORDER** via PeachCourt electronic service and by depositing a copy of the same in the United States Mail in an envelope with adequate postage thereon, as follows:

**Via PeachCourt Electronic Service:**

**Robert Murray**
pilotmurray@gmail.com

**Dana K. Maine,** Esquire
dmaine@fmglaw.com

**Jacob S. Madsen,** Esquire
jsmadsen@fmglaw.com

**Via First Class Mail, Return Service Requested:**

**Robert Murray**
3871 Wyntuck Court
Kennesaw, Ga. 30152

This 4th day of December, 2024.

[signature]
Tracie Ingram
Judicial Administrative Specialist to:
A. Gregory Poole
Chief Judge, Superior Court
Cobb Judicial Circuit

# Exhibit C

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
OTHER
JAN 03, 2025 10:43 AM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

ROBERT MURRAY, № 23104461

Plaintiff

versus

VIC BROWN HILL, individually and HILL MACDONALD, LLC,

Defendant

## ORDER DENYING MOTION TO RECUSE ENTIRE COBB COUNTY BENCH

The court set the plaintiff's renewed motion to recuse for hearing on January 3, 2025 at 9:00 a.m. in Superior Courtroom 4200 of the Cobb County Courthouse.

The plaintiff/movant did not appear at that hearing.

The court issued an order making it clear to the parties that a close reading of Chief Judge Poole's recusal order shows that he granted a recusal of the entire bench and the Cobb County senior judges AS TO THE MOTION TO RECUSE and not as to the case itself.

The third paragraph of that order provided:

"IT IS FURTHER ORDERED that, pursuant to USCR 25.4(c)(3), the 7th Judicial Administrative District Administrative Judge, the Honorable D. Scott

Smith, shall select a Judge outside the circuit **to hear the motion**." (Emphasis added.)

The court expressly advised that the hearing would proceed.

Instead of appearing for the hearing, the plaintiff/movant filed a "Notice of No Pending Recusal Motions" on January 2, 2025.

The court had denied his motion to dismiss his recusal motion already.

The court notes that it is the court that determines the effect of its own orders-not the plaintiff.

As was noted in Judge Brown's order, the plaintiff's motion relates to an incident that he alleges occurred in the Cobb County Courthouse involving the attorney-spouse of another judge of the Cobb Circuit, the plaintiff's mother and a person named Matthew McMaster.

The plaintiff's motion sought to recuse the entire bench of Cobb Superior Court.

As Judge Eldridge noted in the opinion in Baptiste v. State,

> "As recently as Ga.L.1993, p. 981, the General Assembly amended OCGA § 15–1–8, which statutorily established the grounds for judicial recusal, as opposed to the procedure and interpretation provided by case law. "OCGA § 15–1–8 pertinently provides that a judge shall not sit in any case in which he has a pecuniary interest, a familial relationship with a party, or in any case in which he previously served as counsel or judge. The grounds for recusal in OCGA § 15–1–8 are exclusive and exhaustive, and courts may not add other grounds of disqualification to those stated in the statute."[1]

---

[1] Baptiste v. State, 229 Ga. App. 691, 697, 494 S.E.2d 530, 536 (1997).

This plaintiff fails to allege any of these grounds as to any of the eleven judges on the Cobb Superior Court bench.

In addition to the plaintiff's failure to appear to prosecute the motion, the court finds the motion to be legally insufficient.

The court therefore dismisses the motion.

The court takes judicial notice that Judges Harris, Reynolds and Brown have already voluntarily recused from this case.

The court directs the Clerk of the Cobb Superior Court to re-assign this case in accord with the normal process used to select a judge to handle this matter other than those three judges.

The defendants seek attorney's fees for having to respond to this motion under O.C.G.A. § 9-15-14. They raised that request in their response to the recusal motion.

The court reserves ruling on that request pending a response from the plaintiff.

*So ordered* this January 3, 2025.

David Emerson
Senior of Superior Courts
Presiding by Designation in Cobb County

Distribution List
Robert G. Murray 5775 Cains Cove Road, Cumming GA 30041
Jacob S. Madsen and Dana K. Maine, Attorney for the defendant, 100 Galleria

Parkway, Suite 1600, Atlanta, GA 30339-5948

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the *Order* in Civil Action Number **23104461** upon the parties in this matter by sending a true and correct copy by mail or by electronic means to the following:

murrayace231 pilotrmurray@gmail.com

Dana K. Maine dmaine@fmglaw.com

Jacob Madsen Jacob.Madsen@fmglaw.com

This 3th day of January, 2025.

Brett E. Conway
Staff Attorney
Senior Judges
Superior Court of Cobb County

# Exhibit D

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
ANGELA Z. BROWN
DEC 11, 2024 05:12 PM

Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

ROBERT MURRAY, № 23104461

Plaintiff

versus

VIC BROWN HILL, individually and HILL MACDONALD, LLC,

Defendant

ORDER SETTING HEARING

The court sets the plaintiff's renewed motion to recuse for hearing on January 3, 2025 at 9:00 a.m. in Superior Courtroom 4200 of the Cobb County Courthouse.

The court directs the parties to mark any proposed exhibits prior to the hearing.

*So ordered* this December 11, 2024.

David Emerson
Senior Judge of Superior Courts
Presiding by Designation in Cobb County

Distribution List
Robert G. Murray 5775 Cains Cove Road, Cumming GA 30041
Jacob S. Madsen and Dana K. Maine, Attorney for the defendant, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339-5948

# Exhibit E

ID# 2024-0066669-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
24100209
MAY 15, 2024 04:43 PM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JOHN LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. 23-1-05442 |
| | ) | |
| LAURA LOWE, | ) | RELATED CASE NO: 24-1-00209 |
| | ) | |
| Defendant. | ) | |

**VOLUNTARY DISMISSAL OF MOTION TO CONSOLIDATE**

COMES NOW, JOHN LOWE ("Father"), Plaintiff in above-style action, by and through the undersigned counsel, and hereby withdraws and dismisses his *Motion to Consolidate* filed in the above-referenced cases without prejudice.

Respectfully submitted this 15th day of May, 2024.

THE LEONARD FIRM

By: [signature]
KATIE LEONARD
Georgia Bar No. 104057
Attorney for Plaintiff/Father

351 Washington Avenue, Suite 100
Marietta, Georgia 30060
(678) 540-1400
kk@leonardfirmpc.com

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JOHN LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. 23-1-05442 |
| | ) | |
| LAURA LOWE, | ) | RELATED CASE |
| | ) | NO: 20-1-06072 |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's *Dismissal of Motion to Consolidate* has been served on counsel for Defendant via statutory electronic service, as follows:

Debbie C. Pelerose, Esq.
Debbie Crosby Pelerose, P.C.
132 Forest Avenue NE
Marietta, Georgia, 30060
dpelerose@peleroselawfirm.com

Respectfully submitted this 15th day of May, 2024.

THE LEONARD FIRM

By: Katie Leonard
KATIE LEONARD
Georgia Bar No. 104057
Attorney for Plaintiff/Father

351 Washington Avenue, Suite 100
Marietta, Georgia 30060
(678) 540-1400
kk@leonardfirmpc.com

ID# 2024-0079242-CV
EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23105442
JUN 10, 2024 10:22 AM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JOHN LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. 23-1-05442 |
| | ) | |
| LAURA LOWE, | ) | RELATED CASE NO: 24-1-00209 |
| | ) | |
| Defendant. | ) | |

**VOLUNTARY DISMISSAL OF MOTION TO CONSOLIDATE**

COMES NOW, JOHN LOWE ("Father"), Plaintiff in above-style action, by and through the undersigned counsel, and hereby withdraws and dismisses his *Motion to Consolidate* filed in the above-referenced cases without prejudice.

Respectfully submitted this 10th day of June, 2024.

THE LEONARD FIRM

By: Katie Leonard
KATIE LEONARD
Georgia Bar No. 104057
Attorney for Plaintiff/Father

351 Washington Avenue, Suite 100
Marietta, Georgia 30060
(678) 540-1400
kk@leonardfirmpc.com

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| JOHN LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO. 23-1-05442 |
| | ) | |
| LAURA LOWE, | ) | RELATED CASE |
| | ) | NO: 24-1-00209 |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's *Dismissal of Motion to Consolidate* has been served on counsel for Defendant via statutory electronic service, as follows:

Debbie C. Pelerose, Esq.
Debbie Crosby Pelerose, P.C.
132 Forest Avenue NE
Marietta, Georgia, 30060
dpelerose@peleroselawfirm.com

Respectfully submitted this 10th day of June, 2024.

THE LEONARD FIRM

By: Katie Leonard
KATIE LEONARD
Georgia Bar No. 104057
Attorney for Plaintiff/Father

351 Washington Avenue, Suite 100
Marietta, Georgia 30060
(678) 540-1400
kk@leonardfirmpc.com

# Exhibit F

FILED IN OFFICE
12/30/2024 02:30PM
CONNIE TAYLOR
CLERK OF SUPERIOR COURT
COBB COUNTY

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

ROBERT MURRAY, № 23104461

Plaintiff

versus

VIC BROWN HILL, individually and HILL MACDONALD, LLC,

Defendant

## ORDER DENYING MOTION TO WITHDRAW RECUSAL MOTION

The court has set the plaintiff's renewed motion to recuse for hearing on January 3, 2025 at 9:00 a.m. in Superior Courtroom 4200 of the Cobb County Courthouse.

The plaintiff has now filed a motion to withdraw his motion to recuse the entire bench of the Cobb Superior Court and its active senior judges.

A close reading of Chief Judge Poole's recusal order shows that he granted a recusal of the entire bench and the Cobb County senior judges AS TO THE MOTION TO RECUSE and not as to the case itself.

That is shown in the third paragraph of the order which provides:

"IT IS FURTHER ORDERED that, pursuant to USCR 25.4(c)(3), the 7th Judicial Administrative District Administrative Judge, the Honorable D. Scott Smith, shall select a Judge outside the circuit **to hear the motion**." (Emphasis



CONNIE TAYLOR
SUPERIOR COURT
COBB COUNTY, GEORGIA
FILED IN COURT
THIS 12/30 2024
AT 2:30P M
LISA MORGAN
DEPUTY CLERK

added.)

The motion is not moot. The court does not agree with the movant's misinterpretation of Chief Judge Poole's recusal order.

The hearing shall proceed as scheduled.

*So ordered* this December 30, 2024.

David Emerson
Senior Judge of Superior Courts
Presiding by Designation in Cobb County

Distribution List
Robert G. Murray 5775 Cains Cove Road, Cumming GA 30041
Jacob S. Madsen and Dana K. Maine, Attorney for the defendant, 100 Galleria Parkway, Suite 1600, Atlanta, GA 30339-5948

# Exhibit G

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
OTHER
JAN 03, 2025 10:43 AM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

ROBERT MURRAY, № 23104461

Plaintiff

versus

VIC BROWN HILL, individually and HILL MACDONALD, LLC,

Defendant

# ORDER DENYING MOTION TO RECUSE ENTIRE COBB COUNTY BENCH

The court set the plaintiff's renewed motion to recuse for hearing on January 3, 2025 at 9:00 a.m. in Superior Courtroom 4200 of the Cobb County Courthouse.

The plaintiff/movant did not appear at that hearing.

The court issued an order making it clear to the parties that a close reading of Chief Judge Poole's recusal order shows that he granted a recusal of the entire bench and the Cobb County senior judges AS TO THE MOTION TO RECUSE and not as to the case itself.

The third paragraph of that order provided:

"IT IS FURTHER ORDERED that, pursuant to USCR 25.4(c)(3), the 7th Judicial Administrative District Administrative Judge, the Honorable D. Scott

Smith, shall select a Judge outside the circuit **to hear the motion**." (Emphasis added.)

The court expressly advised that the hearing would proceed.

Instead of appearing for the hearing, the plaintiff/movant filed a "Notice of No Pending Recusal Motions" on January 2, 2025.

The court had denied his motion to dismiss his recusal motion already.

The court notes that it is the court that determines the effect of its own orders-not the plaintiff.

As was noted in Judge Brown's order, the plaintiff's motion relates to an incident that he alleges occurred in the Cobb County Courthouse involving the attorney-spouse of another judge of the Cobb Circuit, the plaintiff's mother and a person named Matthew McMaster.

The plaintiff's motion sought to recuse the entire bench of Cobb Superior Court.

As Judge Eldridge noted in the opinion in Baptiste v. State,

> "As recently as Ga.L.1993, p. 981, the General Assembly amended OCGA § 15–1–8, which statutorily established the grounds for judicial recusal, as opposed to the procedure and interpretation provided by case law. "OCGA § 15–1–8 pertinently provides that a judge shall not sit in any case in which he has a pecuniary interest, a familial relationship with a party, or in any case in which he previously served as counsel or judge. The grounds for recusal in OCGA § 15–1–8 are exclusive and exhaustive, and courts may not add other grounds of disqualification to those stated in the statute."[1]

---

[1] Baptiste v. State, 229 Ga. App. 691, 697, 494 S.E.2d 530, 536 (1997).

This plaintiff fails to allege any of these grounds as to any of the eleven judges on the Cobb Superior Court bench.

In addition to the plaintiff's failure to appear to prosecute the motion, the court finds the motion to be legally insufficient.

The court therefore dismisses the motion.

The court takes judicial notice that Judges Harris, Reynolds and Brown have already voluntarily recused from this case.

The court directs the Clerk of the Cobb Superior Court to re-assign this case in accord with the normal process used to select a judge to handle this matter other than those three judges.

The defendants seek attorney's fees for having to respond to this motion under O.C.G.A. § 9-15-14. They raised that request in their response to the recusal motion.

The court reserves ruling on that request pending a response from the plaintiff.

*So ordered* this January 3, 2025.

David Emerson
Senior of Superior Courts
Presiding by Designation in Cobb County

Distribution List
Robert G. Murray 5775 Cains Cove Road, Cumming GA 30041
Jacob S. Madsen and Dana K. Maine, Attorney for the defendant, 100 Galleria

Parkway, Suite 1600, Atlanta, GA 30339-5948

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the *Order* in Civil Action Number **23104461** upon the parties in this matter by sending a true and correct copy by mail or by electronic means to the following:

murrayace231 pilotrmurray@gmail.com

Dana K. Maine dmaine@fmglaw.com

Jacob Madsen Jacob.Madsen@fmglaw.com

This 3th day of January, 2025.

Brett E. Conway
Staff Attorney
Senior Judges
Superior Court of Cobb County

# Exhibit H

Gmail Matthew McMaster <mdmcmaster@mcmasterlegal.com>

# RE: Scheduling Form for Murray v. Hill et al., Case No. 23104461

message

Jacob Madsen <Jacob.Madsen@fmglaw.com> Fri, Feb 7, 2025 at 3:55 P
To: "mdmcmaster@mcmasterlegal.com" <mdmcmaster@mcmasterlegal.com>
Cc: "Dana K. Maine" <DMAINE@fmglaw.com>

Matt,

I agree that it is premature to make a time announcement on a motion to set aside at this point. Defendants do not find issue with the Judge Emerson's orders and decline consenting to a motion to set aside. If you plan to submit a motion to set aside and set it on a hearing calendar with the other pending motions, we should probably hold off on making time announcements until I have had a chance to see it first and respond.

Let's circle back and discuss time announcements then. Let me know if you agree.

Best,

**Jacob Madsen**
Senior Counsel
**Freeman Mathis & Gary, LLP**
**100 Galleria Parkway | Suite 1600 | Atlanta, GA 30339-5948**
**D: 470-890-5794 | C: 404-519-7149**
Email: Jacob.Madsen@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook

FMG LAW Freeman Mathis & Gary LLP When It Counts

AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA

Please read this important notice and confidentiality statement

**From:** mdmcmaster@mcmasterlegal.com <mdmcmaster@mcmasterlegal.com>
**Sent:** Friday, February 7, 2025 6:27 AM
**To:** Jacob Madsen <Jacob.Madsen@fmglaw.com>
**Cc:** Dana K. Maine <DMAINE@fmglaw.com>
**Subject:** Re: Scheduling Form for Murray v. Hill et al., Case No. 23104461