EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
SEP 19, 2025 11:54 PM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT OF COBB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| ROBERT MURRAY,<br>Plaintiff, | ) | CASE NO. 23104461 |
| | ) | |
| v. | ) | |
| | ) | |
| VIC BROWN HILL, individually and<br>HILL MACDONALD, LLC,<br>Defendants. | ) | |

---

## MOTION TO RECUSE

COMES NOW Plaintiff in the above-styled action, ROBERT MURRAY by and through counsel, and files this *Motion to Recuse* the Honorable John E. Niedrach and the 7th Administrative District, showing this Court as follows:

### I. TIMING

Timing is proper pursuant Uniform Superior Court Rule ("USCR") 25.1 as the order of assignment order signed by Judge Ann B. Harris ordering the Cobb County Court Administrator to submit this matter to the Administrative Judge of the 7th Administrative District was entered on September 12, 2025 (though never served on Plaintiff). Today, September 19, 2025, is the fifth business day since Judge Harris's order in question. *See also* O.C.G.A. 1-3-1(d)(3)("When the period of time prescribed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). No hearing or trial notice has been filed and/or served at the time of this filing.

### II. FACTS

Pursuant to USCR 25.1 and 25.2, Plaintiff's *Rule 25.2 Attorney's Affidavit* containing "the facts and reasons for the belief that bias or prejudice exists," along with supporting evidence and exhibits, is filed contemporaneously herewith.

EXHIBIT 8

## III. RULE OF LAW

### A. Georgia Code of Judicial Conduct

"Judges shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary." CJC Rule 1.2(a). "Judges shall perform judicial duties without bias or prejudice." CJC Rule 2.3(A). Rule 2.11(A) of the Code of Judicial Conduct states "[j]udges shall disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. . . ." Rule 1.2 prohibits not only actual impropriety but also the appearance of impropriety. *See* Rule 1.2, Commentary [3] ("The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality, and competence is impaired.").

Under Rule 2.2, "Judges shall dispose of all judicial matters fairly, promptly, and efficiently." However, "[t]he obligation of judges to dispose of matters promptly and efficiently must not take precedence over their obligation to dispose of matters fairly and with patience." CJC Rule 2.6(B).

Under Rule 2.3(B), "[a] judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice . . . . Judges shall not permit court staff, court officials, or others subject to the judge's direction and control to do so."

### B. Uniform Superior Court Rule 25.3

"When a judge is presented with a motion to recuse, or disqualify, accompanied by an affidavit, the judge shall temporarily cease to act upon the merits of the matter and shall immediately determine the timeliness of the motion and the legal sufficiency of the affidavit, and make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted. If it is found that the motion is timely, the affidavit sufficient and that recusal

would be authorized if some or all of the facts set forth in the affidavit are true, another judge shall be assigned to hear the motion to recuse. The allegations of the motion shall stand denied automatically. The trial judge shall not otherwise oppose the motion. In reviewing a motion to recuse, the judge shall be guided by Canon 3 (E) of the Georgia Code of Judicial Conduct."

**C. Uniform Superior Court Rule 25.7**

"If a judge, either on the motion of one of the parties or the judge's own motion, voluntarily disqualifies, another judge, selected by the procedure set forth in Rule 25.4 above, shall be assigned to hear the matter involved. A voluntary recusal shall not be construed as either an admission or denial to any allegations which have been set out in the motion."

## IV. CONCLUSION

In light of the above considered in conjunction with Plaintiff's *Rule 25.2 Attorney's Affidavit* filed contemporaneously herewith, and the facts on the record as applied to the Georgia Code of Judicial Conduct, all judges within the 7th Judicial Administrative District, including but not limited to the Honorable John E. Niedrach and the Honorable D. Scott Smith, must be disqualified from having any involvement in this action pursuant to **USCR Rule 25.3 and 25.4(E) and CJC Rules 1.2, 2.2, and 2.3**. Further, bias, prejudice and the appearance of impropriety exists on the face of the record and no reasonable person could believe that Plaintiff can get a fair trial before any Cobb County Superior Court judges, including those within the classification of senior judges that regular preside in Cobb County Superior Court, and all judges within those classifications are disqualified from the above-styled action pursuant to **Rule 2.11(A)**.

WHEREFORE Plaintiff prays:

(a) That this Court **grant** this motion;

(b) That this Court enter an order disqualifying and/or recusing all judges within the 7th Judicial Administrative District;

(c) That the 7th Administrative Judge voluntarily recuse himself and the entire district, including the Honorable D. Scott Smith, from this matter pursuant to USCR 25.7; and

(d) That this matter be referred to the administrative judge of an adjacent district for the appointment of a judge who is not a member of the district to preside over the **case** pursuant to USCR 25.4(E).

This 19th day of September 2025.

/s/ Matthew D. McMaster
Matthew D. McMaster
Georgia Bar No. 218044
*Attorney for Plaintiff*

MATTHEW D. MCMASTER, LLC
12 Powder Springs St.
Suite 230
Marietta, GA 30064
Phone: (800) 890-3981
Fax: (800) 890-3981
mdmcmaster@mcmasterlegal.com

GEORGIA, COBB COUNTY
I HEREBY CERTIFY THE WITHIN AND FOREGOING TO BE A TRUE AND CORRECT AND COMPLETE COPY OF THE ORIGINAL THAT APPEARS OF RECORD.
CASE No 23.1.4461 IN THIS OFFICE
THIS 23rd DAY OF December 20 25
DEPUTY CLERK COBB COUNTY
COURT, COBB COUNTY GEORGIA