EFILED IN OFFICE
CLERK OF SUPERIOR COURT
COBB COUNTY, GEORGIA
23104461
SEP 23, 2025 09:36 AM
Connie Taylor, Clerk of Superior Court
Cobb County, Georgia

**IN THE SUPERIOR COURT**
**OF COBB COUNTY, GEORGIA**

**ROBERT MURRAY,**

**Plaintiff,**

**vs.** **CASE NO. 23104461**

**VIC BROWN HILL, individually, and HILL MACDONALD, LLC,**

**Defendants.**

**ORDER ON MOTION TO RECUSE**

After all of the active judges of the Cobb Judicial Circuit issued voluntary orders of recusal, this case is now before the undersigned judge on a request for the assistance of a senior judge. The Plaintiff, however, has filed a Motion to Recuse seeking "an order disqualifying and/or recusing all judges within the 7th Judicial Administrative District." In accordance with Uniform Superior Court Rule 25.2, the Plaintiff's attorney, Matthew D. McMaster, has filed his own affidavit in support of the Motion to Recuse.

When a judge is presented with a motion to recuse or disqualify, accompanied by an affidavit, Uniform Superior Court Rule 25.3 requires the judge to temporarily cease to act upon the merits of the matter and "make a determination, assuming any of the facts alleged in the affidavit to be true, whether recusal would be warranted." After doing so in this case, the undersigned judge finds and concludes that neither his recusal nor the recusal of the judges of the 7th Judicial Administrative District, other than the active Cobb judges, is warranted.

Discussion

Rule 25.2 sets forth the requirements for an affidavit given in support of a motion to recuse as follows:

EXHIBIT 9

> The affidavit shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of extra-judicial conduct or statements, which demonstrate either bias in favor of any adverse party, or prejudice toward the moving party in particular, or a systematic pattern of prejudicial conduct toward persons similarly situated to the moving party, which would influence the judge and impede or prevent impartiality in that action. Allegations consisting of bare conclusions and opinions shall not be legally sufficient to support the motion or warrant further proceedings.

Mr. McMaster's affidavit addresses three matters. First, he describes a series of orders filed in this case (paragraphs 5 - 15) and attaches copies (exhibits A - J). The orders reflect the following sequence of events since this case was filed in June 2023:

- Three Cobb judges voluntarily recused from this case.
- The Plaintiff filed a Motion for Recusal of the Entire Bench of Cobb County Superior Court.
- Senior Judge David Emerson was appointed to hear that Motion for Recusal.
- That Motion for Recusal was withdrawn.
- Judge Emerson entered an order denying that Motion for Recusal.
- Cobb Judge Julie Jacobs vacated Judge Emerson's order.
- Judge Jacobs and the other Cobb judges, who had not already done so, voluntarily recused from the case.

Second, Mr. McMaster identifies Christopher Hansard as the Cobb County Superior Court Administrator and Karli Smith as the calendar clerk for Judge Poole and Judges Jacobs, and Mr. McMaster states that he has filed a federal lawsuit against Ms. Smith (paragraphs 16 and 17).

Finally, Mr. McMaster identifies a letter he wrote to the undersigned judge and the judge's response (paragraphs 18 and 19) and attaches copies (exhibit K). The letter from Mr. McMaster makes inquiries

concerning the appointment of Senior Judge Emerson in a different, unrelated case, and the undersigned judge responded by filing a Notice of Receipt of Unsolicited Communication in that unrelated case.

Contrary to the Plaintiff's conclusion, none of this information reflects any bias or prejudice towards any party by any judge of the 7th Judicial Administrative District. And the record fails to reflect any impropriety or even the appearance of any impropriety by any judge of the 7th Judicial Administrative District, other than the Cobb judges, all of whom voluntarily recused.

Mr. McMaster's allegations, which are assumed to be true, are legally insufficeint and do not support recusal or warrant further proceedings related thereto. Accordingly, another judge need not be assigned to hear the Plaintiff's Motion to Recuse. Rather, the Plaintiff's Motion to Recuse is hereby DENIED.

IT IS SO ORDERED this 23rd day of September, 2025.

John E. Niedrach, Administrative Judge
7th Judicial Administrative District
Superior Courts of Georgia

c: (all via PeachCourt)
Matthew D. McMaster, Esq.
Kevin Stone, Esq.
Jacob Madsen, Esq.

c: (via email)
Lynn Ansley, DCA, 7th JAD

GEORGIA, COBB COUNTY
I HEREBY CERTIFY THE WITHIN AND FOREGOING TO BE A TRUE AND CORRECT AND COMPLETE COPY OF THE ORIGINAL THAT APPEARS OF RECORD.
CASE No 23.1.4461 IN THIS OFFICE
THIS 23rd DAY OF December 20 25
DEPUTY CLERK COBB COUNTY
COURT, COBB COUNTY GEORGIA