**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
JAN 15 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

ROBERT MURRAY,

Plaintiff

v. **CASE NO. 1:25-CV-6130-WMR**

GEORGE G. BRANTLEY
ANN B. HARRIS
ALAN G. POOLE
CHRISTOPHER HANSARD
DAVID EMERSON, and
JULIE ADAMS JACOBS

Defendants.

---

**AMENDED COMPLAINT (SUPERSEDING COMPLAINT) FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

Comes now Plaintiff Robert Murray, without representation, and brings this action under 42 U.S.C. § 1983 to redress ongoing violations of the Due Process Clause and the First Amendment to the United States Constitution. Plaintiff seeks only prospective declaratory and injunctive relief pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

## NATURE OF THE ACTION

1. This action arises from ongoing violations of Plaintiff's federal constitutional rights caused by the continued exercise of judicial authority by individuals lacking lawful authority to preside over Plaintiff's state-court matter, including a judicial officer lacking structural neutrality whose appointment followed Plaintiff's exercise of First Amendment rights.

2. Plaintiff's case reached an unprecedented posture when the Cobb County Superior Court entered a blanket recusal barring all sitting judges and all former Cobb County Superior Court judges serving as senior judges from further proceedings in Plaintiff's case, yet every sitting judge still felt compelled to enter an individual recusal order, leaving no locally available judicial officer able to preside without structural conflict.

3. Notwithstanding that universal recusal, administrative officials thereafter requested and obtained the appointment of a senior judicial officer who maintained ongoing institutional affiliation with the Cobb County Superior Court, had been the subject of Plaintiff's recusal motion, and whose participation was inconsistent with the scope and effect of the recusal proceedings.

4. The judicial officer appointed to preside over Plaintiff's case was the same judge whose conduct gave rise to Plaintiff's recusal motion. That conduct created an objective ethical conflict and demonstrated structural bias, making it

impossible for Plaintiff to proceed before that judicial officer as a neutral adjudicator. As a result, Plaintiff cannot receive constitutionally adequate adjudication consistent with due process.

5. Plaintiff seeks declaratory and injunctive relief under *Ex parte Young* to prevent state officials from continuing to compel Plaintiff's participation in proceedings before a structurally disqualified adjudicator. Plaintiff does not seek review of state court judgments, does not challenge the correctness of any state court order or ruling, and does not seek appointment of any particular judicial officer. Plaintiff's claims arise under the United States Constitution and exist independent of, and do not depend upon, any state court determination. Plaintiff seeks only the constitutional minimum: adjudication before a lawfully authorized tribunal free from structural bias.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including claims for prospective relief under 42 U.S.C. § 1983 to redress ongoing violations of Plaintiff's federal constitutional rights.

7. Plaintiff has standing to seek prospective relief because Plaintiff is presently subjected to, and faces imminent threat of, continued proceedings before a judicial officer who is structurally disqualified from exercising judicial authority,

resulting in ongoing denial of a neutral tribunal in violation of the Fourteenth Amendment and chilling of First Amendment-protected activity. These injuries are concrete, particularized, and redressable through prospective declaratory and injunctive relief.

8. This action falls within *Ex parte Young, 209* U.S. 123 (1908). Plaintiff seeks only prospective relief to prevent state officials from compelling participation in proceedings before a judicial officer whose structural conflicts create a probability of bias exceeding constitutional tolerance. Defendants are sued solely in their official capacities for prospective relief. Plaintiff seeks no monetary damages and no review of state court judgments.

9. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 as necessary to resolve an actual, ongoing federal constitutional controversy within the Court's jurisdiction.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants perform their official duties within this District and the events giving rise to Plaintiff's claims occurred here.

## PARTIES

### Plaintiff

11. Plaintiff Robert Murray is a citizen of the State of Georgia and a litigant in ongoing proceedings in the Superior Court of Cobb County. Plaintiff

brings this action without representation pursuant to 42 U.S.C. § 1983 to seek prospective relief for ongoing violations of his federal constitutional rights, including the right to an impartial and neutral tribunal.

**Defendants**

12. At all relevant times, Defendants acted under color of state law and exercised authority conferred by the State of Georgia. Each Defendant is sued solely in his or her official capacity for prospective declaratory and injunctive relief.

13. Defendant George Grant Brantley is a Cobb County Superior Court Judge serving as a senior judge who has been assigned to preside over Plaintiff's state court matter and who has accepted and exercised judicial authority in that case. Judge Brantley is sued solely in his official capacity for prospective declaratory and injunctive relief.

14. Defendant Ann B. Harris is the Chief Judge of the Superior Court of Cobb County and, in that capacity, exercises administrative and supervisory authority over judicial assignments, court administration, and the operation of the Superior Court. Judge Harris is sued solely in her official capacity for prospective declaratory and injunctive relief.

15. Defendant Alan Gregory Poole is a former Judge of the Superior Court of Cobb County who, at all times relevant to the conduct alleged herein,

exercised judicial and administrative authority affecting judicial assignments and calendaring in Plaintiff's case. Judge Poole retired from active service effective January 2, 2026, and has applied to serve as a Senior Judge of the State of Georgia. He is sued solely in his official capacity for prospective declaratory and injunctive relief to prevent the ongoing enforcement or continuing effect of official actions taken under color of state law that are alleged to violate Plaintiff's federal constitutional rights.

16. Defendant Christopher Hansard is the Court Administrator for the Superior Court of Cobb County and is responsible for implementing and administering judicial assignments, calendaring, and related administrative actions affecting Plaintiff's access to the courts. Mr. Hansard is sued solely in his official capacity for prospective declaratory and injunctive relief.

17. Defendant David Emerson is a Senior Judge of the State of Georgia who has exercised judicial authority relevant to judicial disqualification and the adjudicative structure of Plaintiff's case. Judge Emerson continues to act under authority conferred by the State of Georgia. Judge Emerson is sued solely in his official capacity for prospective declaratory and injunctive relief.

18. Defendant Julie Adams Jacobs is a Judge of the Superior Court of Cobb County who has exercised judicial and administrative authority relevant to

the continued assignment of judicial officers in Plaintiff's case. Judge Jacobs is sued solely in her official capacity for prospective declaratory and injunctive relief.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

### A. The Underlying Case

19. On June 8, 2023, Plaintiff filed *Murray v. Hill et al.*, Cobb County Superior Court Case No. 23-1-04461, a legal malpractice action. Plaintiff proceeded without representation until January 2025.

### B. Recusal of Cobb County Superior Court Judges

20. Defendant Ann B. Harris was initially assigned to Plaintiff's case but entered a recusal on June 16, 2023, citing prior involvement in matters related to the underlying claims. She later entered a second recusal in July 2025.

21. During the pendency of the case, Plaintiff raised concerns regarding judicial impartiality based on information brought to his attention concerning conduct occurring during other courthouse proceedings, resulting in Plaintiff filing a formal motion seeking recusal of all Cobb County Superior Court judges in July 2024 (Exhibit A).

22. Following Plaintiff's motion, between August and October 2024, two Cobb County Superior Court judges entered recusals from Plaintiff's case.

23. On December 4, 2024, the Superior Court of Cobb County entered an order recusing all Cobb County Superior Court judges and former Cobb County

Superior Court judges serving as senior judges from any further proceedings in Plaintiff's case (Exhibit B).

24. Following entry of the December 4 2024 order, judicial activity continued in Plaintiff's case, including scheduling actions and directives issued by Senior Judge David Emerson and Cobb County Superior Court judges who had been included within the scope of the collective recusal.

25. Plaintiff objected and notified the court that post-recusal judicial actions were taken without lawful authority and compromised the neutrality of the adjudicative process.

26. Between July 24, 2025 and September 10, 2025, judges who had been included within the scope of the December 4 2024 blanket recusal entered separate individual recusal orders in Plaintiff's case, further reflecting widespread acknowledgment that continued participation presented structural conflicts. By September 10, 2025, all eleven sitting judges of the Cobb County Superior Court had also entered individual recusal orders from Plaintiff's case.

27. In an August 25, 2025 order, Judge Jason Marbutt observed that the case involved "a trail of tortured case assignments" and stated that it should be "removed from the Cobb circuit" due to systemic institutional conflicts (Exhibit C).

**C. Appointment of a Structurally Disqualified Judicial Officer**

28. Following the wholesale recusal, Chief Judge Ann B. Harris requested that the Seventh Judicial Administrative District appoint a judicial officer to the case. The Chief Judge's request specified that "nothing in this request shall preclude appointment of a Senior Superior Court Judge who provides routine assistance to the Cobb Superior Court" (Exhibit D).

29. Senior judges who provide routine assistance to the Cobb Superior Court are former Cobb County Superior Court judges who maintain ongoing institutional relationships with that court, the same category of judicial officers identified in the December 4 2024 recusal order.

30. On October 3, 2025, the district appointed Defendant George Grant Brantley, a former Cobb County Superior Court judge now serving as a senior judge, to preside over Plaintiff's case. Judge Brantley accepted the assignment and continues to exercise judicial authority (Exhibit E).

**D. Basis for Plaintiff's Objection to Judge Brantley**

31. In July 2024, Plaintiff filed a motion seeking recusal of all judges of the Cobb County Superior Court based on conduct that occurred during court proceedings presided over by Judge Brantley, conduct that undermined the appearance of judicial neutrality. The conduct giving rise to the motion involved

interactions at the courthouse with individuals exercising rights to observe and record proceedings pursuant to Georgia Uniform Superior Court Rule 22.

32. Plaintiff's recusal motion was filed while Plaintiff was proceeding without representation and was based on institutional conflicts within the Cobb County judiciary and Plaintiff's independent right to a neutral tribunal. Following the filing of the motion, the Cobb County Superior Court entered a blanket recusal order, with individual recusal orders also entered by each sitting judge, reflecting judicial recognition of the conflicts identified.

**E. Structural Impossibility of Neutral Adjudication**

33. Following the entry of the December 4 2024 recusal order, and during a period of administrative uncertainty regarding judicial assignments, counsel entered an appearance on Plaintiff's behalf in January 2025.

34. In October 2025, Judge Brantley was appointed to preside over Plaintiff's case. Following that appointment, Plaintiff's counsel filed a motion to withdraw based on ethical constraints arising from prior proceedings involving Judge Brantley. That motion remains pending and has not been ruled upon.

35. Rather than addressing the pending withdrawal motion, Judge Brantley continued to exercise judicial authority over Plaintiff's case, including scheduling a hearing for November 12, 2025. On November 10, 2025, Plaintiff filed an emergency supplement to a pending motion for a temporary restraining

order in this Court. The scheduled hearing was subsequently cancelled, but Judge Brantley continues to preside, and the withdrawal motion remains unresolved.

36. As a result, Plaintiff is compelled to participate in proceedings before a judicial officer whose neutrality has been challenged and whose continued exercise of authority has created a structural impasse that makes constitutionally neutral adjudication impossible.

**F. Ongoing Systemic Risk**

37. Beyond the present impasse, Plaintiff has other pending matters within the Cobb County Superior Court. The administrative officials who specifically requested appointment of a senior judge who "provides routine assistance to the Cobb Superior Court" for the malpractice case retain identical authority over judicial assignments in Plaintiff's other matters.

38. Accordingly, Plaintiff faces an ongoing risk that judicial officers whose institutional relationships were identified during the recusal proceedings will continue to be assigned to preside over matters in which Plaintiff is a party, creating continuing exposure to unresolved structural conflicts.

## INADEQUACY OF STATE FORUM

39. The constitutional injury alleged herein is compelled participation before a structurally disqualified tribunal. This injury is complete upon participation and cannot be cured through post-judgment appellate review, as the

deprivation concerns the adjudicative structure itself rather than the correctness of any particular ruling.

40. State procedural mechanisms such as motions to recuse presuppose the existence of a neutral adjudicator empowered to rule on such motions. Where all neutral adjudicators have recused and the appointed replacement shares the same acknowledged conflicts, those mechanisms are structurally incapable of providing relief.

41. Available state procedural mechanisms are inadequate. A motion to recuse Defendant Brantley would require Plaintiff to submit to the authority of the very judicial officer whose structural disqualification is challenged, and would be decided by that same officer, creating a closed loop incapable of producing a neutral determination. Voluntary dismissal of Plaintiff's underlying case would require Plaintiff to surrender substantive legal claims in order to avoid unconstitutional proceedings. The Due Process Clause does not require a litigant to choose between asserting substantive rights and vindicating the right to a neutral tribunal. Neither option constitutes an adequate remedy for the ongoing constitutional deprivation alleged herein.

42. Prospective federal relief under *Ex parte Young* is therefore appropriate to prevent continuation of ongoing constitutional violations that the state forum is structurally unable to remedy. Where the only available state

procedures require either submission to the challenged authority or abandonment of substantive claims, those procedures are not "adequate" within the meaning of abstention doctrine.

**COUNT I: DEPRIVATION OF DUE PROCESS AND RIGHT TO A NEUTRAL TRIBUNAL**

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

44. The Fourteenth Amendment guarantees every litigant a neutral and impartial tribunal. See *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876 (2009); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980); *Tumey v. Ohio*, 273 U.S. 510 (1927).

45. Plaintiff is subjected to ongoing judicial proceedings presided over by Defendant Senior Cobb County Superior Court Judge George Grant Brantley under circumstances in which the adjudicative structure governing Plaintiff's case lacks a neutral and detached decisionmaker.

46. Prior recusal actions by the Cobb County Superior Court, including a blanket recusal supported by individual recusals from every sitting judge of that court, established that continued participation by judges drawn from the same institutional category presented disqualifying conflicts in Plaintiff's case, leaving no structurally neutral forum within the local court.

47. Notwithstanding those recusal actions, Defendant Brantley was appointed to preside over Plaintiff's case on October 3, 2025, accepted the assignment, and continues to exercise judicial authority over Plaintiff's proceedings.

48. The neutrality requirement in adjudicative proceedings protects against the risk of unjustified deprivation and ensures meaningful participation by affected individuals in the decision-making process. See *Marshall v. Jerrico, Inc.*, 446 U.S. at 242; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

49. Compelled participation before an adjudicator whose continued authority is structurally conflicted deprives Plaintiff of the fundamental procedural guarantee of a neutral decisionmaker and violates due process independent of the correctness of any rulings entered. *Tumey*, 273 U.S. at 535; *Caperton*, 556 U.S. at 883.

50. Structural due process violations arising from adjudication by a disqualified decisionmaker are complete upon participation and cannot be cured through post-judgment appellate review.

51. By appointing and permitting a structurally disqualified judicial officer to continue presiding over Plaintiff's case, Defendants, acting under color of state law, are subjecting Plaintiff to an ongoing deprivation of his Fourteenth Amendment right to due process and adjudication before a neutral tribunal.

## COUNT II: FIRST AMENDMENT RETALIATION

52. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

53. The First Amendment protects the right to petition the government for redress of grievances and the right of meaningful access to the courts without retaliation by state officials. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (2002).

54. Plaintiff engaged in protected First Amendment activity by filing motions and objections in his state-court proceedings seeking judicial recusal and a neutral tribunal, and by invoking federal jurisdiction to seek prospective relief from alleged ongoing constitutional violations.

55. After Plaintiff engaged in these protected activities, Defendants appointed and permitted a judicial officer, whose authority to preside was the subject of Plaintiff's earlier objections, to exercise continuing judicial power over Plaintiff's case.

56. The appointment and continued assignment of a judicial officer under these circumstances constitute adverse governmental action that would deter a person of ordinary firmness from exercising First Amendment rights to petition the courts and seek redress without fear of reprisal. *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

57. The temporal proximity between Plaintiff's protected activity and the adverse assignment, together with the nature of the action taken, supports a plausible inference that Plaintiff's exercise of First Amendment rights was a motivating factor in the challenged conduct.

58. As a result of Defendants' actions, Plaintiff has experienced a chilling of his right to petition the courts and an ongoing impairment of access to judicial relief free from retaliatory pressure. Plaintiff seeks prospective declaratory and injunctive relief to prevent continued retaliation and to safeguard the exercise of First Amendment rights.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

59. Declare that the continued exercise of judicial authority over Plaintiff's state-court case by Defendant George Grant Brantley, under the circumstances alleged herein, violates Plaintiff's right to due process and a neutral tribunal guaranteed by the Fourteenth Amendment.

60. Declare that the appointment and continued assignment of a judicial officer to preside over Plaintiff's case following Plaintiff's exercise of First Amendment rights to seek judicial recusal and neutrality constitute unconstitutional retaliation and impermissibly chill the right to petition the courts.

61. Declare that prospective injunctive relief is appropriate under 42 U.S.C. § 1983 because the state forum is structurally incapable of providing a neutral adjudicator or an adequate remedy for the ongoing constitutional violations alleged herein.

62. Enjoin Defendants, in their official capacities, from:

a) Permitting Defendant George Grant Brantley to exercise judicial authority over *Murray v. Hill et al.*, Cobb County Superior Court Case No. 23-1-04461, or in any other pending or future state-court proceeding involving Plaintiff; and

b) Appointing, assigning, or permitting any judicial officer to preside over *Murray v. Hill et al.* or any related proceeding who has participated in, effectuated, or relied upon actions that nullified, circumvented, or purported to limit the scope or effect of the recusal or disqualification proceedings in Plaintiff's case, where such participation deprives Plaintiff of adjudication before a lawfully authorized and neutral tribunal.

63. Award costs of suit as permitted by 28 U.S.C. § 1920.

64. Grant such other prospective relief as is necessary to remedy the ongoing constitutional violations alleged herein and to ensure adjudication before a lawfully authorized tribunal free from structural bias.

Respectfully submitted this 15th day of January 2026.

Robert Murray
Plaintiff, Without Representation
3871Wyntuck Court
Kennesaw, GA 30152
Cell: 770-490-3020
pilotRmurray@gmail.com

US MAIL:
5775 Cains Cove Road
Cumming, GA 30041

Pursuant to Local Rule 7.1(D) and Local Rule 5.1(c), I hereby certify that the foregoing *Amended Complaint (Superseding Complaint) for Declaratory and Injunctive Relief* was prepared using New Time Roman, 14-point font.