**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ROBERT MURRAY,

Plaintiff,

v.

GEORGIA G. BRANTLEY, ANNE B. HARRIS, ALAN G. POOLE, DAVID EMERSON, and JULIE ADAMS JACOBS,

Defendants.

CIVIL ACTION
NO. 1:25-cv-06130-WMR

**ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Doc. 23] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). After reviewing the parties' arguments, the applicable law, and all appropriate matters of record, the Court GRANTS the motion for the reasons set forth below.

## I. BACKGROUND

Plaintiff, appearing pro se, brings this federal action under 42 U.S.C. § 1983 to redress what he perceives to be ongoing violations of his Due Process and First Amendment rights to be heard by an authorized and impartial tribunal in a pending

state court action. The Defendants in the present case all serve as judges in the state court where that action is pending. Plaintiff seeks a declaratory judgment from this Court declaring that: (i) the assignment of the judge who is currently presiding over the state court action is unconstitutional; and (ii) the state tribunal is incapable of providing a neutral judge or an adequate remedy for the alleged ongoing constitutional violations. He also seeks injunctive relief, requesting that this Court enjoin Defendants from: (i) allowing the currently assigned judge to exercise judicial authority over the state court action; and (ii) appointing or assigning any other judge to preside over the state court action who has participated in, effectuated, or relied upon any rulings that nullified, circumvented, or limited the scope of the prior recusals in the state court action. [*See* Doc. 19, generally].

Defendants have moved to dismiss Plaintiff's Amended Complaint in this case based on lack of subject matter jurisdiction, absolute judicial immunity, and failure to state a claim.

## II. LEGAL STANDARDS

Rule 12(b)(1) – Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, subject-matter jurisdiction must be established before a case can proceed on the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998); *Kokkonen v. Guardian Life*

*Ins. of Am.*, 511 U.S. 375, 377 (1994). It is presumed that a federal court lacks jurisdiction in a case until the plaintiff demonstrates the court has jurisdiction over the subject matter. *Kokkonen*, 511 U.S. at 377. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously ensure that jurisdiction exists over a case[.]" *Smith v. Gte. Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citations omitted).

<u>Rule 12(b)(6) – Failure to State a Claim</u>

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

When the sufficiency of a complaint is challenged on a Rule 12(b)(6) motion to dismiss, the court considers whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that

alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 556).

In considering a party's motion to dismiss, the court accepts the non-movant's allegations as true and construes the complaint in the non-movant's favor. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). However, "unwarranted deductions of fact in a complaint are not admitted as true for purposes of testing the sufficiency of plaintiff's allegations." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotations omitted). A court is required to make reasonable inferences in the plaintiff's favor, but it is not required to draw the plaintiff's inferences. *Id*. Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

Lastly, the dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the

cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

## III. FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT

The underlying state court action is *Murray v. Hill et al.,* Cobb County Superior Court Case No. 23-1-04461, wherein Plaintiff asserts legal malpractice and other claims. [Doc. 19 at ¶ 19]. According to Plaintiff, Cobby County Superior Court Judge Ann B. Harris was initially assigned to the case but entered a recusal order on June 16, 2023, citing prior involvement in matters related to the underlying claims. [*Id*. at ¶ 20].

Although it is unclear, at some point in 2024 Judge George Brantley presided over certain court proceedings in the case. [Doc. 19 at ¶ 31]. In July 2024, Plaintiff, having "concerns regarding judicial impartiality" based on "information brought to his attention," filed a motion to recuse the entire bench of the Cobb County Superior Court. [Doc. 19 at ¶ 21; *see also* Doc. 19-1]. A few weeks after Plaintiff's motion was filed, two of the Cobb County Superior Court judges entered individual orders voluntarily recusing themselves from Plaintiff's case. [Doc. 19 at ¶ 22; *see also* Doc. 19-2 at 3–4 (Judge Reynolds) and at 5–6 (Judge Brown)]. Then, on December 4, 2024, the Chief Judge of the Superior Court of Cobb County (Judge Poole) addressed Plaintiff's motion to recuse the entire bench and entered an order voluntarily

recusing "all Cobb County Superior Court judges and all former Cobb County Superior Court judges serving as senior judges" from any further proceedings in Plaintiff's case. [Doc. 19 at ¶ 23; *see also* Doc. 19-2 at 2].

According to Plaintiff, "judicial activity" continued in his case, including "scheduling actions and directives" issued by Senior Judge David Emerson and other Cobb County Superior Court judges who had been previously recused by the December 4, 2024, blanket recusal order. Plaintiff alleges that these post-recusal judicial actions were "taken without lawful authority and compromised the neutrality of the adjudicative process." [Doc. 19 at ¶¶ 24–25].

On August 25, 2025, Cobb County Superior Court Judge Jason Marbutt also entered a recusal order, wherein he observed that the case had involved "a trail of tortured case assignments" dating back to when the case was originally filed. [Doc. 19 at ¶ 27; *see also* Doc. 19-3 at 1]. In his recusal order, Judge Marbutt provided the following chronology of events in the case:

> For various reasons, the case has gone through no less than nine Superior Court Judges – Judge Harris (recused 6/16/2023 and again 8/15/2025), Judge Reynolds (recused 8/27/2024), Judge A. Brown (recused 10/31/2024), Judge Jacobs (recused 7//24/2025), Judge Childs (recused 8/14/2025), Judge Leonard (recused 8/15/2025), Judge Poole (recused 8/19/25), Judge Hill (recused 8/22/2025), and Judge Marbutt (recusing in this order).
>
> On December 2, 2024, then Chief Judge Poole issued an order appointing Senior Judge Emerson to rule on [Plaintiff's] Motion for

> Full Bench Recusal. Judge Emerson denied full bench recusal in an order filed Jan. 3, 2025. However, Judge Jacobs, during the time she was presiding over the case, vacated Judge Emerson's order on April 28, 2025. She then recused the day she [had] set for pending motions. A string of voluntary recusals has since followed, as detailed above.
>
> At this point, the only two Cobb Superior Court Judges who have not had this case randomly assigned to them by the Clerk are Judge Thompson and Judge S. Brown.

[Doc. 19-3 at 1].

Plaintiff alleges that on or before September 10, 2025, the two remaining judges entered individual recusal orders in the case — thus, by September 10, 2025, all eleven sitting judges of the Cobb County Superior Court had entered individual recusal orders in Plaintiff's case. [Doc. 19 at ¶ 26].

Following the recusals, Judge Harris, who was now the Chief Judge of the Cobb County Superior Court, entered an Order of Recusal and Request for Assistance, requesting the Seventh Judicial Administrative District to select and appoint a judge to preside over Plaintiff's case. Chief Judge Harris' request specified that "nothing in this request shall preclude appointment of a Senior Superior Court Judge who provides routine assistance to the Cobb Superior Court." [Doc. 19 at ¶ 28; *see also* Doc. 19-4 at 2]. Plaintiff points out that this language of the request conflicts with the December 4, 2024, blanket recusal order, which had recused the same category of Senior Judges from Plaintiff's case. [Doc. 19 at ¶ 29].

On October 3, 2025, the Administrative Judge for the Seventh Judicial Administrative District appointed Senior Judge George Brantley, a former Cobb County Superior Court Judge, to preside over Plaintiffs case. Judge Brantley accepted the assignment and continues to exercise judicial authority in the case. [Doc. 19 at ¶ 30; *see also* Doc. 19-5].

Following Judge Brantley's appointment, Plaintiff counsel filed a motion to withdraw his representation of Plaintiff based on "ethical constraints" arising from "prior proceedings involving Judge Brantley." [Doc. 19 at ¶ 34]. That motion remains pending in the ongoing case. [*Id.*]

Plaintiff alleges that he is being compelled to participate in proceedings before Judge Brantley, a judicial officer whose "neutrality has been challenged" and whose continued exercise of authority that "makes constitutionally neutral adjudication impossible." [Doc. 19 at ¶ 36]. Plaintiff further alleges that he faces an ongoing risk that the judges "whose institutional relationships" were identified during the recusal proceedings will continue to be assigned to preside over matters in which he is a party, creating "continuing exposure to unresolved structural conflicts." [*Id.* at ¶ 38].

Plaintiff alleges that his "constitutional injury" is his "compelled participation before a structurally disqualified tribunal" and that his injury "cannot be cured through post-judgment appellate review, as the deprivation [of his rights] concerns

the adjudicative structure [of the tribunal] itself rather than the correctness of any particular ruling." [Doc. 19 at ¶ 39]. And, he alleges that available state procedural mechanisms, such as filing a motion to recuse Judge Brantley, are inadequate because all of the sitting Cobb County Superior Court Judges, as well as the Senior Judges who regularly serve in that court, have been disqualified by virtue of the December 4, 2024, blanket recusal, and any filing of a motion to recuse Judge Brantley would require Plaintiff "to submit to the authority of the very judicial officer whose structural disqualification is challenged, and would be decided by that same officer, creating a closed loop incapable of producing a neutral determination." [*Id*. at ¶¶ 40–41].

## IV. DISCUSSION

### A. Rule 12(b)(1) – Subject Matter Jurisdiction and Lack of Standing

Article III of the U.S. Constitution limits this Court's jurisdiction to "actual cases or controversies." *Miller v. F.C.C.*, 66 F.3d 1140, 1145 (11th Cir. 1995) (internal quotation marks omitted). "To have a case or controversy, a litigant must establish that he … has standing, which must exist throughout all stages of litigation." *United States v. Amodeo*, 916 F.3d 967, 971 (11th Cir. 2019) (citation and internal quotation marks omitted); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("As the party invoking federal jurisdiction, the plaintiffs bear

the burden of demonstrating that they have standing") (citation omitted). And, to establish standing, a plaintiff must show: (1) an injury in fact that (2) is fairly traceable to the challenged action of the defendant and (3) is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Here, Plaintiff's primary claim of injury is premised on the December 4, 2024, blanket recusal order in the underlying state court case [*see* Doc. 19-2], which serves as the basis for his allegations that all the judicial assignments and activities after that date were unlawful and without judicial authority [*see* Doc. 19 at ¶¶ 23–33]. However, Plaintiff's fails to mention the fact that he had withdrawn his motion for an entire bench recusal—rendering Judge Poole's blanket recusal order moot. [*See* Doc. 23-2 at 3]. Indeed, Judge Jacobs addressed this very issue in her own recusal order on April 28, 2025, wherein she found that the blanket recusal order was moot (or essentially vacated) because Plaintiff had withdrawn his recusal motion. [*Id.*] Therefore, Plaintiff has failed to establish that he had been "injured" by the continuing judicial assignments and recusals merely because they occurred after the mooted December 4, 2024, order.

Plaintiff also claims injury based on conclusory allegations that he has been, or will be, deprived of his right to fair and neutral judicial forum in his state court proceedings. However, Plaintiff has failed to allege any facts in his Amended

Complaint to show that he has been treated unfairly or that Judge Brantley has been, and cannot be, impartial in the state court proceedings. To satisfy the requirement of "injury in fact," there must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Aaron Private Clinic Mgmt. LLC v. Berry*, 912 F.3d 1330, 1336 (11th Cir. 2019) (citation omitted). A generalized fear that threatened injury might occur is not sufficiently concrete to confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013). Because Plaintiff has failed to allege facts in his Amended Complaint to show any actual or imminent violations of his constitutional rights constituting an "injury in fact," he has failed to establish standing in the present case before this Court.

**B. Rule 12(b)(6) – Failure to State a Claim**

In their motion to dismiss, Defendants argue, *inter alia*, that the claims against them in this action are barred by virtue of their entitlement to absolute judicial immunity. [*See* Doc. 23-1 at 21–22]. The Court agrees.

It is well settled that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978));

*see also Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Griffin v. City of Brunswick*, 2005 WL 3272461 at *4 (S.D. Ga. Nov. 30, 2005) ("Judges are immune from liability in civil actions for acts performed in their judicial capacity"). Absolute judicial immunity "is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Additionally, this judicial immunity "generally extends to claims for declaratory and injunctive relief." *Makere v. Early*, 2023 WL 7130938 at *3 (11th Cir. Oct. 30, 2023). It applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239; *see also Makere*, 2023 WL 7130938 at *3. Furthermore, a judge is entitled to this immunity even when it is alleged that his or her actions resulted in a deprivation of rights. *Cox v. Mills*, 465 Fed. Appx. 885, 887 (11th Cir. 2012) (citing *Dennis v. Sparks*, 449 U.S. 24, 30–31 (1980).

Whether an act is done within a judge's judicial capacity is determined by reference to "the nature of the act itself—i.e., whether it is a function normally performed by a judge and…whether [Plaintiff] dealt with the judge in his official capacity." *Cox*, 465 Fed. Appx. at 887 (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)) In the present case, it is clear from the allegations in the Amended Complaint that the challenged acts that form the basis of the claims against Defendants—i.e., addressing recusal issues and other matters in the case, entering recusal orders, and

(in respect to Judge Brantley) accepting the assignment of a case and presiding over the proceedings in that matter—are all normal judicial functions that judges perform in their judicial capacity. Furthermore, it is clear that Defendants did not act "in the clear absence of all jurisdiction" because the superior courts in Georgia are courts of general jurisdiction, which includes jurisdiction over matters such as Plaintiff's legal malpractice and breach of contract claims. *See* Ga. Const. Art. VI, Sec. IV, Par. I; *see also* O.C.G.A. § 15-6-8. As all the prerequisites for the application of absolute judicial immunity have been met, the Court concludes that Defendants are entitled to judicial immunity as to Plaintiff's claims in the present case.

**C. Younger Abstention Doctrine Applies**

Even if the issues regarding "lack of standing" and "absolute judicial immunity" were not applicable under the alleged facts of this case, the Court has reviewed the basic premise for the claims in the Amended Complaint and concludes that it should abstain from exercising jurisdiction over this matter under the *Younger* abstention doctrine.

While federal courts are generally obligated to exercise the jurisdiction given to them, an exception was established in *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts should abstain from exercising jurisdiction in cases "involving pending state criminal prosecutions, pending civil

proceedings that are akin to a criminal prosecution, and strictly civil proceedings which implicate state courts' important interests in administering certain aspects of their judicial systems." *Narciso v. Walker*, 811 Fed. Appx. 600, 601 (11th Cir. 2020) (internal punctuation omitted) (citing *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1251 (11th Cir. 2009)). *Younger* abstention also applies to claims for injunctive relief as well as claims for declaratory judgment that affect or pertain to ongoing state court proceedings. *Old Republic Union Ins. Co. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997). The *Younger* abstention doctrine has been interpreted as "preventing federal courts from being the grand overseers of state courts and court-like administration," and abstention is proper where a federal injunction would (1) create an "undue interference with state proceedings" and (2) where the state proceedings at issue involve orders that are "uniquely in furtherance of the state courts' ability to perform their judicial functions." *Wexler v. Lepore*, 385 F.3d 1336, 1339, 1341 (11th Cir. 2004).

Here, Plaintiff seeks declaratory and injunctive relief against the Superior Court Judges regarding the validity of their recusal orders and the ultimate assignment of a particular Senior Judge to preside over Plaintiff's ongoing state court case. By addressing the merits of Plaintiff's claims here, this Court would be acting as a *de facto* appellate court which would unduly interfere with the ongoing state

court proceedings and impinge on the state court's ability to perform its normal judicial functions. This is particularly so where, as here, Plaintiff could easily raise his constitutional challenges in his state court proceedings, thereby preserving his right to appellate review at the state level. Therefore, under the *Younger* abstention doctrine, this Court will abstain from exercising jurisdiction in this case.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants' Motion to Dismiss [Doc. 23] is **GRANTED**. The Clerk is directed to close this file.

IT IS SO ORDERED, this 8TH day of September, 2026.

WILLIAM M. RAY, II
United States District Judge
Northern District of Georgia